## CONKLIN *vs.* FURMAN and others.

In an action against stockholders of a corporation, brought by a creditor, to charge them individually with a debt of the corporation, a judgment obtained against the corporation is sufficient evidence of its indebtedness to charge the defendants, unless shown to have been obtained through collusion or fraud.

Where, by statute, stockholders are made liable for all the debts of a corporation, to an amount equal to the amount of stock held by them, they are so liable as partners, on the *indebtedness, as original debtors*, at the moment the contract with the company is completed.

And although the statute contains a prohibition against suing the stockholders, *separately*, until a judgment has been obtained against the company, yet if it gives the right to a creditor to sue one or all of the stockholders *together* with the corporation, and on the recovery of a judgment against the corporation, authorizes a judgment against the stockholders also, there is no period of time, after the debt is incurred by the company, when a cause of action does not exist against the stockholders; and if suit is not brought against them within six years, it will be barred by the statute of limitations.

Conklin *v.* Furman.

APPEAL by the defendants from a judgment entered upon a trial before the court, without a jury.

The action was brought against the defendants as stockholders of the Newtown and North Hempstead Plank Road Company, to recover a debt owing by said company. The debt was due from the company on the 1st of January, 1855. An action was commenced by the plaintiff, against the corporation and certain of its stockholders, on the 1st of June, 1855, but was dismissed, as to the stockholders, and on the 9th of August, 1860, judgment was recovered against the corporation, for $5493.97, upon which an execution was issued and returned unsatisfied.

The present action was commenced in June, 1862. The defendants, by their answer, set up the statute of limitations as a defense, and denied the indebtedness. The case was tried in 1864, before the court without a jury. The plaintiff gave in evidence the judgment recovered against the corporation, and the execution issued thereon. Upon this proof the judge found the indebtedness of the company, and that the cause of action accrued within sixteen years prior to the commencement of the action, but overruled the defense, on both points, and gave judgment for the plaintiff.

*A. Lott,* for the appellants.

*A. Hagner* and *W. J. Cogswell,* for the respondent.

INGRAHAM, J. Two questions are raised, in this case. 1. Whether proof of the judgment was sufficient evidence of the indebtedness of the company, to charge a stockholder. 2. Whether the statute of limitations barred the action.

I. Upon the trial of the cause the plaintiff introduced in evidence the judgment recovered against the company and the execution issued thereon, and rested. The defendants

Conklin *v.* Furman.

moved for a nonsuit, on the ground that no debt had been proved against the company, and that the plaintiff's claim was barred by the statute. The court denied the motion, and the defendants excepted.

The act under which the liability is sought to be enforced (*Laws of* 1847, *ch.* 210) provides that the stockholders shall be liable in their individual capacity, for the payment of the debts of such company, &c., to be recovered of the stockholder who is such when the debt is contracted, (§ 14,) and also provides "that no suit shall be brought against such stockholder, until judgment on the demand shall have been obtained against the company, and execution thereon returned unsatisfied." (§ 46.)

In *Bailey* v. *Bancker*, (3 *Hill*, 188,) Bronson, J., says of this liability of the stockholders: "We have considered this and other charters of a similar character as placing the stockholders on the same footing as though they had not been incorporated, and making them answerable as partners, for the debts of the company." Again: "The suit against the stockholders is not based upon the judgment, but upon the original demand, and the creditor is to recover the same." And in that case the court held the plaintiff was not entitled to recover the costs in the judgment against the corporation.

In *Witherhead* v. *Allen*, (28 *Barb.* 661,) (a) James, J., says the shareholders are placed precisely on the same ground as though not incorporated, and answerable as partners for all debts contracted by the association. Then the shareholders are the principal debtors, and the statute suspends action against them personally, until redress has been sought against the company. In that case Judge James expresses his opinion that the stockholders are liable for the debt after it is merged in the judgment, and for the costs in the judgment, but adds: "the extent of liability does not arise on this appeal."

(a) Reversed, in the Court of Appeals. (3 *Keyes*, 562.)

In *Corning* v. *McCullough*, (1 *N. Y.* 47,) the whole question is thus concisely stated upon these two sections taken together. The personal liability of the stockholder for the payment of the debt is immediate and absolute, the moment the debt is contracted or incurred by the company; but the recourse of the creditor, by suit, to the stockholder, upon that personal liability, is deferred until he shall have first exhausted his remedy at law against the corporation, or the corporation shall be dissolved. And Bronson, J., in the same case, says: "The stockholders were answerable to the creditors of the company as original and principal debtors, though the creditors were first to exhaust their remedy against the corporation."

In *Belmont* v. *Coleman*, (21 *N. Y. Rep.* 96,) this question, whether the judgment was evidence of indebtedness, against the stockholder, was discussed at some length, by Bacon, J.; but the case was disposed of on other grounds, and on this point, the court was equally divided.

It will be seen from this review of the cases, that the question whether the judgment is *prima facie* evidence of indebtedness, against the stockholders, is involved in much difficulty, and by the Court of Appeals is considered a doubtful question. I am not disposed, under these conflicting decisions, to depart from the opinion of the learned judge before whom the case was tried, and would apply to this case the decision in *Slee* v. *Bloom*, (20 *John.* 668,) that the judgment debt against the corporation is binding on the stockholders, unless shown to have been obtained through collusion or fraud.

II. The other question, as to the statute of limitations, is the only remaining one, in this case. There can be no difficulty, under the decisions which I have cited, in holding that the liability of the stockholder is created at the same time that the indebtedness of the company takes place. All the cases hold the stockholders to be liable as partners, on the same footing as persons interested in

private associations are the principal debtors. If there was no suspension of the right to sue, there could be no doubt that the lapse of six years after the claim was payable, would bar the action. Nor can there be any doubt that if the right of action is suspended against the stockholder until a judgment is recovered against the corporation, and execution issued and returned, the statute does not commence to run until the plaintiff has a right to bring an action against the stockholder.

By section 91 of the Code the limitation to bringing the action is six years. By section 74, the action can only be commenced within that time after the cause of action has accrued. And by section 105 it is provided that when the commencement of an action shall be stayed by statutory prohibition, the time of the continuance of the prohibition shall not be a part of the time limited for the commencement of the action.

It is apparent from these provisions that in cases where the creditor is prohibited from suing the stockholder until judgment is recovered against the company, the six years does not commence to run until the recovery of such judgment, because until then the creditor had no right to bring the action. If that were all in this case, on this question, there would be no difficulty in disposing of the case in the plaintiff's favor.

The statute (*Laws of* 1847, *ch.* 210, § 46) provides that the plaintiff may include as defendants any one or more of the stockholders who shall be claimed to be liable to contribute to the plaintiff's claim, and provides for the recovery of judgment against such stockholders, if judgment is recovered against the company. Here there is a clear right of action given against the stockholder, at the moment the debt is due from the corporation. There is nothing to prohibit such action, for a moment; and in fact such an action was commenced against the company

Conklin *v.* Furman.

and some of the stockholders, but was not prosecuted as to the latter, for some cause that does not appear.

We have then this state of facts. The stockholders are liable for all the debts of the company to an amount equal to the amount of stock held by them, and are so liable as partners, on the indebtedness, as original debtors, at the moment the contract with the company is completed. The statute contains a prohibition against suing the stockholders separately until a judgment is recovered against the corporation, but gives the right to the creditor to sue one or all of the stockholders with the corporation, and on recovering judgment against the corporation, gives a judgment against the stockholder.

There is no period of time, then, when a cause of action does not exist against him, at any time after the debt is incurred by the company. It is true that a particular mode of proceeding, viz., a separate action against the stockholder, is restrained; but this does not affect the general right to sue both the company and all the stockholders, or any of them. It cannot be said that the right of action against the stockholders is either surrendered or prohibited. That right is just as perfect at the time of commencing the action against the stockholders as it is against the company. They may all be sued in the same action, at the same time, and judgment be recovered against all at the same moment. Under these circumstances we cannot say that the commencement of the action is stayed by statutory prohibition, because the plaintiff had a right of action against the defendants immediately, which was not prohibited. The provision that prevented the plaintiff from suing in a particular manner would be immaterial if he had a right of action in another form at once. He suffered that right to remain unexercised, and cannot now say, because he could not sue in another mode which he preferred, that the statute did not run against the claim.

It is suggested to us that the right to sue the stockholders with the company is merely cumulative. The same remark may be made as to the right to sue them alone. In fact, as partners they should be sued together; and if either remedy is to be considered as cumulative, it is that which allows them to be sued separately.

My conclusion is that the defendants were entitled to succeed in their motion for a nonsuit, upon the ground that the claim was barred by the statute of limitations.

A new trial should be granted; costs to abide the event.

SCRUGHAM, J.   The liability of the individual corporators accrued at the time the company became liable. The cause of action against them then arose. An action upon it could not be commenced after the expiration of six years, unless it had been stayed by injunction or statutory prohibition. The statute prohibits the bringing of an action against corporators without joining the company, until judgment has been recovered against the company, and an execution returned unsatisfied. But this prohibition does not extend to actions commenced against them with the company. Such an action may be commenced at any time after the cause of action accrued, and within six years therefrom. The object of the statute is to force the determination of claims within certain periods after their cause accrued; and its effect, when no disability, injunction or prohibition prevents the commencement of an action, is to extinguish the liability, after the expiration of the period limited. If any action affording a complete remedy can be brought within the period, it must be brought within it, or the liability will cease. To decide differently would be to hold that a person is liable upon the same cause of action for six years, in one form of action, and for twelve years in another.

A new trial should be ordered.

Vaughan *v.* O'Brien.

J. F. BARNARD, J., (dissenting.)   The statute gives a creditor of certain corporations two actions; one against the corporation and such stockholders as he chooses to join as defendants with the corporation, and another and different action against the stockholders alone, as jointly and severally liable to him for the debt of the corporation.

This is an action against the stockholders alone.   It could not, by the statute which gives the right to sue them, be brought until after a judgment had been obtained against the corporation, and execution thereon returned unsatisfied.   The debt was contracted over six years before the commencement of this action, which, however, was brought within about six months after the judgment was recovered and execution returned unsatisfied.

The right to bring this action was not perfect until the recovery of that judgment and return of execution therein, and the time in which the plaintiff could not sue should be deducted, and the defense of the statute of limitations is not good.

New trial ordered.

[KINGS GENERAL TERM, September 11, 1865.   *Ingraham, Scrugham* and *J. F. Barnard,* Justices.]