## August Bohn v. James F. Brown.

*Corporations: Stockholders: Individual liability: Damages for negligence.*
The claim of a passenger who has been injured by the negligence of the agents of a corporation carrier, is not one which, after judgment against the company and execution returned unsatisfied, affords a ground of action against the stockholders under our statute.—*Comp. L. 1871, §§ 2478-80.*

*Construction of statute.* The statute in question is to be construed in accordance with the natural and ordinary sense of the language used.

*Corporations: Stockholders: Individual liability: Statute construed.* It was not the design of this statute to make every judgment against the company, for whatever cause, a ground of action against the stockholder, but the cause of action against the stockholder is made identical with that against the company, and the proceedings against the company, in case it is not dissolved, are mere matters of inducement.

*Individual liability of stockholder: Judgment against corporation.* Where the case is a proper one for sustaining the liability of the stockholder, it seems that the judgment against the corporation, if obtained without fraud or collusion, is conclusive and binding upon the stockholder, as to the fact and the extent of the liability of the company, but the questions whether the cause of action adjudicated was of a nature to involve the stockholder under the statute, and whether the conditions as to ownership of stock, and the fact of such ownership at the times specified, existed, should be considered open.

*Corporations: Individual liability of stockholder: Statute construed: Debts contracted: Torts.* The nature of the demands against the corporation which will support the action against the stockholders, except where dividends are improperly declared or paid, is limited by the statute to

BOHN *v.* BROWN.

claims for labor performed and for debts contracted, and this excludes all others; and no claim founded on pure tort is within the statute.

*Corporations: Liabilities of stockholders: Debts contracted: Damages for negligence.* The liability of a carrier for an injury to one of its passengers, caused by the negligence of its agent, though the grievance be one for which the passenger was at liberty to sue either in *assumpsit* for the breach of the contract to carry safely, or specially on the case upon the negligence of the carrier, is one the real gist of which is the wrongful act of the carrier, and is in its essential ingredients one based upon the tort; and it is not, therefore, within the meaning of the statute in question, a "debt contracted."

*Heard October 15. Decided January 18.*

Error to Saginaw Circuit.

*F. L. Eaton* and *Albert Trask*, for plaintiff in error, cited: *Grund v. Tucker, 5 Kan., 70; Downworth v. Coolbaugh, 5 Iowa, 300; Corse v. Sanford, 14 Iowa, 235; Gaskell v. Dudley, 6 Met., 548; Johnson v. Somerville D. & B. Co., 15 Gray, 216; Thayer v. N. E. Lith. Co., 108 Mass., 523; Milliken v. Whitehouse, 49 Me., 527; Vanhook v. Whitlock, 2 Ed. Ch., 304; Alvord v. Lent., 23 Mich., 369; Attorney General v. Bank, Har. Ch., 315; Mill Dam Foundry v. Hovey, 21 Pick., 455; Gray v. Bennett, 3 Met., 522; Haynes v. Brown, 36 N. H. 566; Carver v. Braintree M. Co., 2 Story, 432.*

*John J. Wheeler*, for defendant in error, cited: *Witherbee v. Allen, 3 Keyes, 565; Miller v. White, 50 N. Y., 137; McMahon v. Macy, 51 N. Y., 155; Belmont v. Coleman, 21 N. Y., 96; Coffin v. Reynolds, 37 N. Y., 640; Aiken v. Wasson, 24 N. Y., 482; 14 Wend., 58; Cable v. McCune, 26 Mo., 371; Cable v. McGaty, 34 Mo., 573; Lockhart v. Van Alstyne, 31 Mich., 76.*

GRAVES, J:

The plaintiff, a child, was in August, 1869, taken as a passenger on the East Saginaw city railway, and whilst being carried as such passenger was severely hurt through the negligence of the company's conductor. For such injury an

action was brought against the company, and on the 5th of March, 1873, the plaintiff obtained judgment for damages five thousand five hundred dollars and costs taxed at ninety-five dollars and sixty-six cents.

The corporation then brought the case here on writ of error, and we affirmed the judgment in July of the same year.—*27 Mich., 503.* An execution was issued and returned *nulla bona,* and the plaintiff, having thus failed to collect of the corporation, instituted this action against Brown to enforce collection of him as owner and holder of a considerable amount of unpaid capital stock, and the jury having found against the plaintiff by express direction of the court, he now claims a revision of the proceedings on writ of error and bill of exceptions. The suit, of course, does not assume to proceed for a common-law cause of action against Brown, but is prosecuted against him on the strength of certain provisions of the act under which the company were incorporated, and being the amended act of February 13th, 1855, entitled "an act to provide for the construction of train railways."—*Ch. 76, C. L.*

The main question is, whether the claim of a passenger under such circumstances, after judgment against the carrier and execution returned unsatisfied, affords a ground of action against the stockholder. All admit that the point depends upon the construction due the provisions before mentioned, and these provisions are found in the eighteenth and twentieth sections of the act.

The eighteenth section reads as follows: "The stockholders of every company incorporated under this act shall be jointly and severally liable in their individual capacity for all labor performed for such company; and shall also be liable for the debts of such company, for an amount equal to the amount of any unpaid stock in such company, held by them at the time such debt was contracted and suit commenced thereon, to be recovered of any stockholder who is such when the debt is contracted, or any subsequent stockholder."

The nineteenth section makes directors and stockholders jointly and severally liable for existing company debts, and debts afterwards contracted whilst such directors continue in office and the others remain stockholders, in case the directors declare or pay a dividend when the company is insolvent, or when the payment would either render it insolvent or diminish the amount of capital stock. Then comes the twentieth section, which reads as follows:

"But no suit shall be brought against any individual stockholder for any debt of such company as provided in the last two preceding sections, until judgment on the demand shall have been obtained against the company, and execution thereon returned unsatisfied in whole or in part, or until the company shall have been dissolved; and any stockholder who may have paid any debt of such company, either voluntarily or by compulsion, shall have a right to sue and recover of such company the full amount thereof, with interest, costs and expenses; and any such stockholder, who may have paid as aforesaid, shall have a right to bring an action against, and recover of the rest of the stockholders, or any one or more of them, the due proportion thereof which such stockholder or stockholders ought to pay; and if such action for contribution shall be brought against more than one stockholder, the judgment and the execution thereon shall specify the amount to be recovered and collected from each defendant."

As understood, the position of plaintiff's counsel is, that it makes no difference in respect to the right to sue the stockholder, whether the cause of action against the company is a pure tort, committed by the company through its servants, or one sounding exclusively in contract; and that the judgment recovered against the company is conclusive, or at least *prima facie* sufficient, to ground an action against the stockholders under the provisions in question.

On the other hand, defendant's counsel insists, that the cause of action against stockholders is identical with that against the corporation, and that to bring stockholders under

individual liability the cause of action must be a debt con-
tracted by the corporation, and not a liability of the com-
pany arising from the tortious conduct of company agents
or servants, and that a judgment recovered against the cor-
poration for such tortious conduct is not a debt contracted
to bind stockholders as individual debtors.   In the few cases
found in which courts have considered similar provisions
there would seem to have been much diversity of opinion.
And looking at the question which arises here, and the shape
it assumes under the influence of the facts which have a
bearing, it appears to me that the authorities cited by coun-
sel do not offer forcible aids.   Hence in forming an opinion
on the precise case to be decided, it is the better way to
read the foregoing provisions as we think they were intended
to be read, and then apply them to the actual facts.

In pursuing this course we must suppose that the mind
of the legislature being specially drawn to the subject of
departing from the regulations of the common law in regard
to the liability of corporators, and conceiving a purpose to
make certain members responsible for company liabilities,
the extent of the departure and the class of liabilities, if
less than all, and the limitations and conditions, if any,
would naturally be indicated with some distinctness, and we
should expect to find in the terms and arrangement of the
statute, without straining or refinement, the real sense of the
legislature.   Whether in our judgment the legislature went
too far, or did not go far enough, is not for us to consider.
The scope of our duty is to ascertain just how far the law
makers went, and then to pause precisely where they did.
In studying the provisions here with this object, we are forced
to think that the expressions used to denote the conditions
of the stockholders' liability are to be taken in their natural
and ordinary sense.

Passing these general remarks, we are to consider, in the
first place, whether it was meant that a judgment, for what-
ever cause, against the company should be deemed in itself
a definite ground of action against the stockholder.   The

plain language of the law appears to negative any such purpose. The cause of action against the stockholder is made identical with that against the company. The original *debt* or *demand* against the company is what the stockholder is made liable for, and not something of a different nature. In regard to this there is no ambiguity. The idea is never departed from. The right to sue the stockholder is just as broad, or more precisely, the causes of action on which he may be held are just the same, in case the corporation is dissolved, as in case it is not, and in all instances where the corporation is dissolved, care is taken to dispense expressly with the condition requiring judgment to be first obtained against the company. Accordingly in such cases no judgment could exist to sue upon, and the original cause of action would have to be resorted to. The statute throughout assumes the existence of a cause of action against the stockholders prior to judgment against the company, and in case the corporation is not dissolved, requires the proceedings against the company as preliminary to a suit against the stockholder, not to bring into existence a cause of action against him, but, among other things, to collect of the corporation itself, if practicable, before going against the stockholder. The fundamental ground of action against the stockholder is, then, the original cause of action against the company, and the proceedings against the corporation, when it is not dissolved, are matters of inducement. Had it been intended to make every unsatisfied judgment against the corporation, for whatever cause, a ground of action in itself against the stockholder individually, the terms and arrangement, we must suppose, would have been different. Moreover, as will appear, the intrinsic nature of the liability of the corporation before judgment against it, is made a criterion for the stockholders' secondary liability, and any such arrangement would be absurd if the recovery itself against the company had been fixed upon as constituting the source of this liability of the stockholders. It is perhaps unnecessary in this case to decide what force the judgment against the

corporation should have on the trial against the stockholder; but there is room for contending that the statute recognizes as a principle, that where the judgment is obtained without fraud or collusion between the company and the claimant, the existing stockholders are represented by the company, and bound by the judgment, in regard to the liability of the company and the amount, and that the controversy concerning the original liability should not be open to litigation by stockholders, after a determination against their representative, the company. Some analogy is perceived between such a case and that where a judgment creditor who has exhausted his remedy at law proceeds by creditor's bill. True it is not close. In view of the scheme as it stands enacted, it would seem requisite that the question as to whether the cause of action adjudicated was of a nature to involve the stockholders under the statute, and whether the conditions as to ownership of stock, and the fact of such ownership at the times specified, existed, should be considered open. And of course if the proceedings against the corporation should appear to be tainted by fraud or collusion between the claimant and the corporation, the judgment would not be good as inducement, or as an adjudication to fix the liability of the stockholder through it, or to fix the amount, and the suit against the stockholder would fail inevitably.

We may secondly consider whether the plaintiff's claim against the corporation in its unadjudicated state was intrinsically a *debt contracted* by the corporation. Because if it was, he had a contingent right of action, by force of the statute, against Brown as holder and owner of unpaid stock; and if it was not, he had no such right.

In observing upon this point we cannot help seeing that the legislature evidently designed to limit the liability of stockholders to a portion only of the kinds of liabilities the company would be subject to incur; that necessarily contemplating there would be claims arising out of contract, and also out of wrongful and tortious acts, and deciding to

provide that for some of these liabilities the stockholders should be individually responsible, but not for all, the legislature proceeded to word the provisions as we find them. Instead of enacting in general terms that stockholders should be individually responsible for all valid claims against the corporation, to one extent or another, the legislature cautiously and guardedly specified charges for labor, and claims for *debts contracted*. Certainly it must be admitted that in thus casting personal responsibility upon stockholders on account of particular causes of action, it was designed they should remain not responsible for others; and in order to find what kinds were meant to be left out, we must follow the description of the causes of action brought in, and to be met by stockholders. Except where dividends are improperly declared or paid, the right to go against stockholders is authorized only in cases of demands for labor performed, and in cases of debts contracted. All these are purely matters of contract, and no claim founded on *pure tort* is embraced; and if not embraced, it is excluded. The conclusion is then warranted that the legislature, foreseeing that corporations would be subject to incur liabilities upon contract, and also for *pure torts*, were minded to not extend the remedy against stockholders, in their individual character, to the latter.

The law then draws a line and fixes a limit, and that line excludes claims springing directly from a pure tort.

For example, suppose a person entitled to do so had attempted to cross the railway track, and, although himself exercising due care, had been run against and injured by the cars by means of the admitted negligence of the company. Had such a case happened, the injured person would have had no eventual remedy against stockholders in their individual character, on the strength of the provisions we are considering. His cause of action against the corporation would not have consisted of, or rested on, a debt contracted. It would have been for a plain tort and without any thing of contract inducing it, and without any mixture

or shading of contract in or connected with it. It would have been as clear of any ingredient, badge or color of contract as a naked assault would be. A legal liability would have existed, but it would be a gross abuse of terms to call it a debt contracted.—*Fox v. Hills, 1 Conn.,* 295.

But the original cause of action of the plaintiff against the corporation in the present case was a different one in its surroundings, in its antecedent and concomitant facts, and it is this difference which causes all the difficulty there is.

A contract relation did actually exist between the plaintiff and the corporation, and the claim of the plaintiff, and the liability of the corporation, were caused by conduct of servants of the corporation in the course of performance of the company's undertaking. This conduct was at the same time a breach of the contract and a tort.

The company were carriers of passengers, and the plaintiff was being carried by them upon an undertaking to carry him safely. They did not carry him safely, but, on the contrary, caused him a severe personal injury. For that injury he was at liberty to sue, either in assumpsit for the breach of contract, or specially on the case upon the negligence of the company. And it may be said with some reason that the distinction between the *form* of action and the *cause* of action should be borne in mind, and that the case ought not to be varied because the law allowed a remedy in form *ex delicto* as well as *ex contractu.* On the first view of the subject I was not satisfied that the plaintiff's claim might not be considered, on the theory here indicated, a debt contracted, within the sense of the statute, but a closer inspection of the subject has removed that impression.

It is certainly correct to say, that the circumstance that the plaintiff's grievance was of such character that the law gave him an option as to the form of remedy, and allowed him to proceed in assumpsit or special case, and that the same facts were adducible and proper to support either form, cannot rule the question, or lead to a solution of it. And it is equally true that the circumstance that the wrong was

done in the course of carrying out, and in the way of carrying out, a contract which subsisted between the plaintiff and the corporation, and that such wrong in itself constituted a breach of the contract, will not suffice to settle the point. The intrinsic nature of the specific matter standing as the cause of action, or the gist of it, would remain the same, whatever the form of remedy, and the specific wrong, whether consisting of negligence or blows, would still be tortious in its own nature, though amounting to a breach of contract at the same time.     Viewed from any side it would be a tort.     True, the plaintiff at his election would be at liberty to use it in evidence to prove a breach of contract, but not because in its own nature it would prove nothing more.     A clerk under contract with his employer to render honest service may break his agreement and make himself liable therefor by an act of embezzlement, but the criminal act will not be shorn of any of its criminal features on account of the special agreement to render honest service.

Keeping in mind the abstract quality of the fact on which the right of the plaintiff to call on the company for redress depended, and passing the artificial methods of redress, and also the circumstance that the fact of injury was done in the course of carrying out the company's undertaking, we are enabled to perceive clearly that it was a downright tort which called for atonement, for satisfaction, and was not a *contracted debt*, to be collected if practicable from the company as promissor, and if not practicable, then from stockholders.

There was a liability of the corporation for a real wrong, a tort *in a setting of contract*, and the plaintiff had the right to enforce such liability in any form of procedure which by law was open to him.     He was in a situation to obtain, not a debt the company had engaged for, but such damages for the tortious injury done to him as a jury might find it just and reasonable to award.     The enforcement of payment of a contracted debt through a suit at common law is quite similar in principle, when fictions and artificial dis-

BOHN *v.* BROWN.

tinctions are put aside, to enforcement of specific performance in equity, but the enforcement of a liability caused by a real tort is wholly dissimilar. In the former case the obligation to be coërced is something which is the primary, direct and immediate end of express or implied agreement, whilst in the latter the liability is for damages which the law considers, not as the primary and immediate end of an agreement, but as something secondary and consequential,—a satisfaction for a *wrong done.* Whatever the form of remedy, the actionable grievance in the one case is not one of those transgressions of right which the law permits the injured party to sue for in tort, whilst in the other, the grievance is one where the constituent facts fix its intrinsic character, and show it to be such a transgression of right as amounts to a tort, and is suable as such. The grievance of the plaintiff was of this latter kind, and its nature would remain the same however the pleader might see fit to use the facts in choosing a form of remedy. Undoubtedly the nature of the remedy chosen would control in regard to many remedial incidents, but this matter is quite aside from the present consideration.

No doubt the case is a hard one, but we cannot extend the stockholders' liability further than the legislature have done. Whether the actual circumstances will warrant any mode of proceeding other than an execution, suited to bring about a satisfaction of the judgment, we are not called on to consider.

The judgment is affirmed, with costs.

The other Justices concurred.