# OCTOBER TERM, 1877.

---

ANDREW HANSON v. CORNELIUS DONKERSLEY.

*Liability of Stockholders for Corporation Debts.*

The Michigan statute (Comp. L., § 2852) does not make individual stockholders primarily liable for corporation debts.

The liability of a stockholder for a corporation debt is discharged by the creditor's extending the time and accepting the note of the corporation.

Error to Marquette. Submitted April 5. Decided Oct. 2.

ASSUMPSIT. The Morgan Iron Company owed Hanson for labor and he consented to extend the time of payment and accepted their note. He afterwards recovered judgment on the note, but as the execution was returned unsatisfied he sued Donkersley as a stockholder under Comp. L., § 2852, which imposes upon stockholders an individual liability for labor done for the corporation, and allows it to be enforced at any time after the return of an execution unsatisfied, or after the corporation has been declared bankrupt. The court below instructed the jury that in suing the company upon the note instead of the original claim, the plaintiff treated the note as a payment and precluded himself from recovering against the stockholders, and directed a verdict for defendant. Plaintiff brought error. The facts are stated in the dissenting opinion of Mr. Justice Marston.

*Wm. H. Parks* and *Mitchel & Pratt* for plaintiff in error. The mere giving and receiving of a note does not of itself extinguish the original demand, unless taken for that pur-

pose on special agreement. *Gardner v. Gorham*, 1 Doug. (Mich.), 507; *Hotchin v. Secor*, 8 Mich., 494; *Peter v. Beverly*, 10 Pet., 532; 2 Pars. Cont., 624 and cases. An unsatisfied judgment cannot stand in the way of any collateral concurrent remedy. *Drake v. Mitchell*, 3 East., 251; *Chipman v. Martin*, 13 Johns., 240; *Bantleon v. Smith*, 2 Binney, 146. Analogous cases under statutes for mechanics' liens have decided that the giving of a note for the work or materials does not extinguish the lien. *Hopkins v. Forrester*, 39 Conn., 351; *Gere v. Cushing*, 5 Bush (Ky.), 304; *Van Court v. Bushnell*, 21 Ill., 624. The individual liability of the stockholder has been held to be an original and. primary liability, and not in the nature of a surety or guaranty. *Young v. Rosenbaum*, 39 Cal., 646; *Conklin v. Furman*, 57 Barb., 484. It is reasoned in *Bohn v. Brown*, 33 Mich., 257, that the cause of action for which the stockholder is made liable is identical with the original debt or demand against the corporation, and the intrinsic nature of the corporate liability is the criterion for the stockholder's individual liability.

*Ball & Owen* and *J. J. Storrow* for defendant in error. It is prerequisite to a suit against a stockholder under Comp. L., § 2852, that it shall have been judicially ascertained that the plaintiff has a claim for labor against the corporation, and that suit be brought either upon that judgment or upon the same cause of action. In this case the original suit was based solely upon the note. Although it may not have been agreed that the debtor's note be received in discharge of his liability, no suit can be maintained on the original cause of action until the maturity and dishonor of the note. *Okie v. Spencer*, 2 Amer. Lead. Cases, 237, 250–1. The creditor may elect whether he will sue upon the note or the original liability, but he is bound by his election, and if he chooses the latter, he must return the note or bring it into court to be cancelled. See *The Kimball*, 3 Wall., 45; *Mooring v. Mobile, etc., Ins. Co.*, 27 Ala., 258; *Tobey v. Barber*, 5 Johns., 68; *Holmes v. D'Camp*, 1 Johns., 34; *Burdick v. Green*, 15 Johns., 247; *Miller v. Lumsden*, 16

Ill., 161; *Iglehart v. Jernegan*, Id., ·513. If he reduces the note to a judgment upon which execution has issued he cannot return it as a note unused. *Thompson v. Howard*, 31 Mich., 309; *Rodermund v. Clark*, 46 N. Y., 354; *Wetmore v. McDougall*, 32 Mich., 276; *Shepard v. Cross*, 33 Mich., 96; *Galloway v. Holmes*, 1 Doug. (Mich.), 346; *Smith v. Baker*, 8 L. R. (C. P.), 353; 5 Eng. R., 323; *Smith v. Hodson*, 2 Smith's Lead. Cases, 208–212. The doctrine stated in *Bohn v. Brown*, 33 Mich., 257, that the cause of action against the stockholder is made identical with that against the company, and that the original demand against the company, and not something of a different nature, is what the stockholder is made liable for, is conclusive of this case.

CAMPBELL, J. This case is certainly not free from difficulty. But it seems to me that the liability of the individual members of corporations for their debts, under the statute upon which this suit was brought, cannot in any just sense be called a primary liability. The debts which they are called on to pay are in fact—as they are expressly regarded in the constitution—debts of the corporation. The statute is clear that the private parties shall not be called upon unless the corporation has failed to pay, and legal remedies are exhausted, either by unsatisfied execution or by bankruptcy legally adjudged. The right of recovering contribution by legal action is only given where the payment made by the suing party is compulsory. He has no right to make payment without necessity, and if he does so, he must seek redress in some other way. Comp. L., § 2852.

The corporation is in law a different person from any of its members. A promise by a stockholder to pay a corporation debt is in every sense a promise to pay the debt of another. The case cannot be different merely because the obligation is statutory. It may be that the statute could be so framed as to create a joint or a joint and several responsibility which could be legislated into a primary obligation. But where the corporation is not put into such relations, and the stockholder cannot be called on until the

remedy against the corporation has been tried and exhausted, it is entirely plain that they are not both original debtors, and that one is only collaterally liable, and is therefore in law a mere surety. It is still plainer where, as here, he has no right to pay in the first instance.

The constitution by making stockholders "individually liable" for labor debts does not thereby necessarily make them primarily liable. Bank corporators are made "individually liable" for bank debts contracted during their connection with the banks. Originally this was unlimited. Now it is limited. It would be impossible to regard this limited responsibility as a primary debt of the stockholders. It requires peculiar legislation to reach such cases at law at all. If the constitution could be regarded as making them primary debtors, the remedy could not be enforced except in equity, unless in very peculiar cases if·it could be at all. Here the plaintiff sued expressly under a statute which treats the stockholder in all respects as a several surety, and he must I think be so treated in determining his responsibility.

It cannot be denied that if defendant is a surety he was discharged from the debt for labor by taking the corporate note and giving time. In my view of the case no other question arises, and the judgment should be affirmed.

GRAVES, J. I cannot avoid the impression that the constitutional and statutory provisions in question in this cause necessarily result in giving to the liability imposed specially on stockholders a mere accessory or collateral relation to corporate liability.

All admit that this peculiar liability is only imposed on stockholders where there exists a real corporate liability and no one believes that these two liabilities are joint.

If it be said that the liability of the corporation and that of the stockholders arise after all simultaneously, the reply is that that circumstance is unimportant in the present consideration. The question is not whether one liability is earlier or later than the other; but it is whether in truth one is accessory and collateral to the other. Now labor is supposed to be performed "for the corporation," and at

its instance, and it is rightly assumed that by the general principles of justice the world over the corporation must be originally, directly and at once liable therefor. The responsibility is immediate and unconditional. It does not turn in any way on any responsibility elsewhere. No enactment to create or impose a liability is required and none is made,—a debt arises at once against the corporation. It is a debt of the corporation. The case is different with the stockholders. To render them liable for the debt a law expressly declaring their liability is found necessary, and the institution of this law is a confession that the liability would not exist without it. The stockholders do not receive the service, and the legal obligation which in natural justice results from its reception does not devolve on them. As to them there is no spontaneous liability, and apart from the positive provisions before mentioned the debt actually exists, but it exists not as their debt at all, but as the exclusive debt of the corporation.

These distinctions concerning the nature and source of liability serve to show as I think, that the debt is originally and directly the exclusive debt of the corporation and that whilst the liability cast on the stockholders is for the same debt, it is a distinct liability and one purely accessorial and collateral.

The liability of the corporation is the fruit of its own contract,—is a liability for its own debt.

The liability of the stockholders is not upon a contract of theirs: it is not a liability for their debt but for that of another and the law declaring such liability virtually holds the place of an express accessory or collateral undertaking or agreement.

There may be room, perhaps, for questioning the right to sue less than the whole number of stockholders when the purpose is to enforce the specific liability.

Whether the expression, "the stockholders," ought not to be construed as meaning the collective body, and the term "individually" be taken as signifying that they are personally responsible, rather than as meaning that each must be sued separately, may perhaps not be beyond con-

troversy and I desire to reserve my opinion on the subject.

I agree with my brother Campbell in thinking the judg-ment ought to be affirmed.

COOLEY, C. J.   I assent to the foregoing conclusion.

MARSTON, J. (dissenting).   This was an action brought under section 2852 of the Compiled Laws, against the de-fendant as a stockholder of the Morgan Iron Company, to charge him for an alleged debt due from the company to the plaintiff for labor.

Previous to April 24th 1874 the plaintiff had performed labor for the Morgan Iron Company, a corporation formed under Chapter 95 of the Compiled Laws, and the company was at that date owing him a balance of $229.21 therefor.

This balance the company was then unable to pay, and wanted the time of payment extended four months.   The plain-tiff consented and accepted the note of the company, dated April 24th and made payable four months after date at the First National Bank of Marquette, with interest.   When the note became due payment thereof was demanded at the bank and refused.   An action was shortly thereafter brought against the company.   The plaintiff declared upon the common *indebitatus assumpsit* counts, serving with his declaration a copy of the note, with a notice that it con-stituted his sole cause of action in said suit.   The cause was brought on for inquest under Rule 99, an inquest taken, and judgment rendered on the note, there being no other evi-dence introduced in the case.   Execution was issued upon this judgment, delivered to the sheriff, and by him after-wards returned unsatisfied.   These facts having been shown on the trial in this case, and there being no dispute upon the facts, the court charged the jury that the plaintiff hav-ing elected to sue upon the note, he by his action, no other evidence having been introduced upon the subject, treated and took the note as a payment of the original claim for work and labor, and the claim for work and labor having thus been paid the defendant herein was not liable.

From this statement of the facts it will be seen that but

one question arises in this case.    It is clearly stated in the brief of counsel for plaintiff in error, viz.: Does the creditor of a corporation for work and labor lose his right to proceed against a stockholder thereof individually, by reason of taking the corporation's note for the debt, and proceeding to judgment thereon?

It is argued on the part of the defendant that the statute clearly contemplates a claim for labor made against the corporation, in judicial proceedings, and judicially ascertained as such, as a pre-requisite to the suit against the stockholder; that the suit against the stockholder must either be upon that judgment, or upon the same cause of action, setting forth that it has been reduced to judgment.

Although there has been a conflict in the authorities as to the proper construction of legislative provisions making members or stockholders and officers personally liable for the debts of the corporation, arising in part from the phraseology of the acts, yet the better opinion seems to be that the judgment obtained against the corporation does not bind the stockholder.    It has been held that if the stockholder stands in the relation of a surety the judgment against his principal, and to which he was not made a party, does not bind him; that if a principal debtor with the company, each severally liable, then a judgment against one party severally liable has no force against another who is also severally liable.    *Miller v. White et al.*, 50 N. Y., 142; *Witherhead v. Allen*, 3 Keyes, 562; *Moss v. McCullough*, 5 Hill, 131.

It has therefore been held that the action against the stockholder should not be brought upon the judgment to recover the amount thereof with interest and costs, but should be brought upon the original demand against the corporation, and the judgment, execution and return thereof alleged in the declaration, as showing the liability under the statute.    *Id.*    See also *Bohn v. Brown*, 33 Mich., 261.    I can discover nothing in this statute which in any way limits the plaintiff in the form of his remedy against the corporation.    He may bring an action of assumpsit and declare

specially, or upon all the common counts, or simply for work and labor performed, and if upon the common counts, generally, and no bill of particulars should be demanded, clearly the files and records in such a case would not show that the judgment rendered was for work and labor performed for the corporation. Would then the plaintiff in case he brought an action against a stockholder, relying upon such a judgment, execution issued thereon and returned unsatisfied, be permitted to show by parol evidence, that such judgment was rendered upon a claim for work and labor performed by him for the corporation? I think he would, and that such fact need not necessarily appear from the files and record in the case.

If there has been an adjudication in bankruptcy against such corporation, an action may at once be commenced against the stockholder, without resorting to an action against the company. The return of the execution unsatisfied, and the adjudication in bankruptcy each serves the same purpose, proves the insolvency of the corporation and the inability of the plaintiff to collect his claim without a resort to the individual liability of the stockholder. This in fact was the real object in requiring an action to be brought and carried through to final execution against the company, and the object is as fully accomplished where the judgment is rendered upon a note, given by the corporation for the labor performed, as though the action was brought directly for the original cause. Had the note been accepted as payment, then undoubtedly the stockholder could not be held liable; but it is well settled in this State that acceptance of the note of the debtor does not operate as a payment of the demand for which it was given, unless otherwise agreed upon by the parties. *Hotchin v. Secor*, 8 Mich., 494; *Dudgeon v. Haggart*, 17 Mich., 273; *Gardner v. Gorham*, 1 Doug. [Mich.], 507.

The note was but the mere evidence of the amount of the indebtedness. Had a due bill or any other written evidence of the debt been given, containing a promise to pay, an action might have been brought thereon with like effect. And I am of opinion that it would be a narrow and unwar-

ranted construction to give this statute, to hold that the plaintiff must bring his action against the corporation, counting for the work and labor performed, and that if he does not, but sues upon an instrument given as the evidence of such work and labor, and a promise to pay the amount thereof, he has thereby lost all claim against the stockholder. No reason has been suggested, and I have been unable to discover any, why the stockholder could in any way be prejudiced by the course adopted in this case (except as I shall hereafter notice). The action against him is upon the original cause of action, and it cannot exceed the amount of the judgment recovered against the corporation, while it may be less. He has an opportunity to be heard, and to show that no work and labor was performed, and he can as certainly fully protect his own interests in this way as he possibly could were he sued upon the judgment, or where it had been rendered directly for the work and labor done. *Bohn v. Brown*, 33 Mich., 257.

What the effect of a sale or assignment of the plaintiff's cause of action, or of the negotiation of the note without recourse would have been we need not in this case determine. In this case the plaintiff did not part with the note, he never realized upon his claim for labor, and failing to collect the amount of his claim by a suit upon the note he was then entitled to pursue his remedy against the stockholder. *Shepard v. Cross*, 33 Mich., 96. Perhaps a more difficult question, hinted at upon the argument, is as to the effect of the laborer taking new promises to pay and thereby extending the time of payment instead ·of collecting his wages as the same became due. We can see that very serious evils, tending to the embarrassment of the corporation and its stockholders, might result from thus postponing and permitting the debts of the corporation to accumulate in this way. This however must be attributed to the fault of the officers of the corporation, who have been placed there by the stockholders, and as this matter is under the control of the officers I can see no injustice in holding the stockholders bound by their action in this respect. If the stockholders are dissatisfied with such a course they have a

remedy in their own hands. They can investigate the concerns of the corporation at pleasure; if they do, and ascertain the course that is being adopted, or if they do not, but stand by and neglect to ascertain what is being done by their officers, in either event it should be considered as sanctioning and approving their practice. Under such circumstances the evils and embarrassments of such a course could not well be a surprise upon the stockholders if they exercised due diligence in examining the corporate records, and they should not be permitted to complain in this respect in case they have not protected themselves against such a practice.

Their neglect in this respect could not however enlarge their statutory liability, and the question still remains as to the effect of an extension, by taking a note, without the knowledge or consent of the stockholder.

This must depend upon the nature of his liability. Is the liability of the stockholder conditional or unconditional? Is it an absolute liability or is it dependent or contingent upon the insolvency of the corporation? In other words, is he a principal debtor or a mere surety?

Upon this question the courts of the several states are not agreed, and in some of· the states opinions may be found either way. In some of the cases this difference of opinion might be reconciled, as the statutes construed were not alike, ·but this cannot be said of all. The constitutional and statutory provisions in this State which create this liability are as follows:

"The stockholders of all corporations and joint stock associations shall be individually liable for all labor performed for such corporation or association." Const., Art. XV., § 7.

"The stockholders of all corporations founded upon this act shall be individually liable for all labor performed for such corporation, which said liability may be enforced against any stockholders by action founded on this statute, at any time after an execution shall be returned and not satisfied, or at any time after an adjudication in bankruptcy against such corporation." 1 Comp. Laws, § 2852.

It seems to me to be very clear that this constitutional provision of itself makes the stockholder primarily liable for all labor performed for the corporation. His liability commences and continues with the liability of the corporation. It is not in any sense contingent; his liability is just as clear and absolute as is the liability of the corporation. The statute does not attempt, as it could not, to limit or change this liability, but merely requires the creditor, where the corporation has not been adjudicated a bankrupt, to make an effort to collect his claim in the first instance out of the corporate property. This postponement of the action against the stockholder does not place him in the position of a mere surety. If the corporation has been adjudicated a bankrupt, the creditor may proceed at once against the stockholder, without waiting or attempting to collect what he could through the bankruptcy proceedings. This question was discussed in *Bohn v. Brown*, 33 Mich., 261–2, and what was there said is equally applicable here, but need not be repeated.

In *Mokelumne Hill Canal Co. v. Woodbury*, 14 Cal., 265, it was said, in considering similar provisions, "it would seem from a just and reasonable construction of the constitutional and statutory provisions upon this subject, that an individual corporator in respect to his personal liability for the debts of the corporation, does not occupy the position of a surety, but that of a principal debtor. His responsibility commences with that of the corporation, and continues during the existence of the indebtedness. It is not in any sense contingent, but is declared to be absolute and unconditional. The remedial effect of these provisions, in which consists their only value, should not be impaired by construction." The court then refers to and follows the New York cases, holding them liable the same as though they were copartners. Whether they are to be held liable as copartners we need not here determine. This case in California was followed in *Davidson v. Rankin*, 34 Cal., 504, and in *Young v. Rosenbaum*, 39 Cal., 646.

For other cases where the liability of the stockholder is

considered that of a principal, see *Harger v. McCullough*, 2 Denio, 119; *Conklin v. Furman*, 57 Barb., 484.

In *Moss v. McCullough*, 5 Hill, 131, and in *Dauchy v. Brown*, 24 Vt., 197, the stockholder's liability was considered that of a surety. I think the other is the true conclusion under the provisions of our constitution, and consequently that the delay arising from an acceptance of the note did not release the liability of the stockholder. In my opinion the judgment must be reversed with costs and a new trial ordered.