*Francis B. Peckham, William P. Sheffield, Jun., & Charles Acton Ives*, for different respondents.

---

## PROVIDENCE COUNTY.

———◆———

ROBERT R. LEIGHTON *vs.* JOHN P. CAMPBELL *et als.*

Under Pub. Stat. R. I. cap. 155, §§ 2, 3, 4, which provide that, if certain certificates are not filed, certain officers of corporations shall be liable for "all debts of the company contracted," . . .

*Held*, that the words "debts contracted" do not include torts of the corporation, nor judgments against the corporation founded on such torts.

Under Pub. Stat. R. I. cap. 155, § 15, which provides that, if the debts of a corporation exceed its paid-in capital, the directors under whom the excess occurs shall be liable jointly and severally, to the extent of the excess, "for all the debts of the company then existing, and for all that shall be contracted as long as they shall respectively continue in office," and until the excess shall disappear,

*Held*, that the directors were not liable for torts of the corporation committed pending the excess, nor for judgments against the corporation founded on such torts.

Whether the directors would be liable for a debt arising *ex delicto*, if it preceded the excess, is not decided.

TRESPASS ON THE CASE.　On demurrers to the declaration.

*May* 17, 1890.　DURFEE, C. J.　This is an action of trespass on the case brought by the plaintiff against the defendants as directors of the Cranston Bleaching, Dyeing, and Printing Company, a corporation created by the General Assembly, and also against two of them, as president and treasurer respectively of said company, to subject said defendants to the payment of a judgment recovered against the company by the plaintiff in an action of trespass on the case for damages for injuries received by him in consequence of its negligence.　The declaration contains seven counts, of which five are designed to charge the defendants under Pub. Stat. R. I. cap. 155, §§ 2, 3, one to charge them under § 4, and the remaining one to charge them under § 15.　Said § 2 makes it the duty of the president and directors, with the treasurer and clerk, within ten days after the last instalment of the corporate stock has been paid in, to make a certificate stating its amount, signed and sworn to by the president, treasurer, and clerk, and by a majority of the directors, and lodge it to be recorded in the office of the town clerk of the town where the corporation is established ; and, in case of an increase, to do likewise in regard to the amount added and paid in.　Said § 3 provides that if any of said officers shall refuse or neglect to perform said duties, " they shall be jointly and severally liable for all debts of the company contracted after said ten days, and before such certificate is recorded."　The declaration in the five counts mentioned alleges a neglect on the part of the defendants to perform the duties imposed by said § 2, and seeks to charge them, on account of such neglect, under said § 3.　The defendants demur to the declaration, and contend that they are not liable under said §§ 2, 3, because said sections make them liable only for *debts* of the company *contracted* after said ten days, and not for the company's *torts*.　The plaintiff contends, *first*, that said § 3 should be construed to include demands *ex delicto* as well as *ex contractu ;* and, *second*, that his demand, though it was originally a claim in tort for damages, has become a debt by having been reduced to a judgment, and that, being a debt, it is recoverable under said § 3 from the defendants.

The plaintiff cites, in support of his contention, *Mill Dam Foun-*

*dry* v. *Hovey*, 21 Pick. 417; 455, and *Carver* v. *Braintree Manufacturing Company*, 2 Story, 432. These cases relate to the liabilities of corporators under a Massachusetts statute subjecting them to individual liability for the " debts and contracts " of the corporation, or for the " debts contracted " by it, and not to the liability of officers of corporations under other provisions. In the first case it was held that the phrase covered a claim for unliquidated damages arising *ex contractu*. In the second it was held that the phrase " debts contracted," being broadly construed, covered a liability incurred by the infringement of a patent, or, in other words, a liability for tort. Judge Story, in giving this construction, relied somewhat on the authority of *Mill Dam Foundry* v. *Hovey;* but still more on his view that the provision imposing the liability was to be regarded as remedial, and was therefore to be liberally construed, in fact virtually conceding that in any other view the construction would be too broad. In *Child* v. *Boston and Fairhaven Iron Works*, 137 Mass. 516, the court say, in criticism of *Carver* v. *Braintree Manufacturing Company*, " There are no cases decided by the courts of the commonwealth in which a stockholder has been held liable for a tort of the corporation, and the decision of Mr. Justice Story stands unsupported by any direct authority, either before or since." There are cases of other States in which it has been held that the words " debts contracted " do not subject the corporators to liability for the torts of the corporation. *Heacock* v. *Sherman*, 14 Wend. 58; *Bohn* v. *Brown*, 33 Mich. 257; *Cable* v. *McCune*, 26 Mo. 371. In the case at bar, however, the question relates, not to the corporators, but to officers, under provisions relating to them exclusively as such, imposing duties on them, and making them liable in case they neglect or refuse to perform them. These provisions, as contradistinguished from the provisions in regard to corporators, are deemed to be penal, and for that reason to be strictly construed. *Chase* v. *Curtis*, 113 U. S. 452. We do not think that any court would hold that the words " debts contracted," if strictly construed, would cover unliquidated claims for damages arising *ex delicto*. *Child* v. *Boston and Fairhaven Iron Works, supra.*

We pass to the plaintiff's second contention, which is, that the defendants are liable under said § 3, because his claim has been

reduced to a judgment, and is, technically speaking, a debt of the corporation. The New York cases, under statutory provisions similar to ours, hold that in that State the trustees of corporations are liable, if at all, only on the original claim, and that a judgment against the corporation thereon has no effect as against them. *Miller* v. *White et al.* 50 N. Y. 137; *Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62; *Esmond* v. *Bullard,* 16 Hun, 65. It has been held in other States that the reduction of a claim for damages against a corporation arising *ex delicto* to a judgment does not change its character, as against the delinquent officers, so as to charge them thereon as for a debt contracted by the corporation. *Cable et al.* v. *Gaty et al.* 34 Mo. 573; *Bohn* v. *Brown,* 33 Mich. 257. So, also, by the Supreme Court of the United States. *Chase* v. *Curtis,* 113 U. S. 452.

Under said § 3 the delinquent officers became liable, not generally for the company's debts, but for "all *debts* of the company *contracted*" after the ten days mentioned in § 2, and before the recording of the certificate. A judgment in tort is technically a debt, but is it a debt *contracted?* Manifestly not, if the words are taken in their ordinary and obvious meaning. As before remarked, said § 3 creates a liability which is penal in its character, and therefore its language is neither to be extended by construction nor tortured into yielding a meaning wider than it naturally has, but on the contrary it is to be construed strictly, so as not to exceed its clear intent. *Whittaker* v. *Masterton et al.* 106 N. Y. 277, 280. Under such a rule the liability imposed by said section is limited by its terms to debts existing or arising *ex contractu. Chase* v. *Curtis,* 113 U. S. 452, 464. We decide that the defendants are not liable under said sections 2, 3.

Section 4 authorizes corporations to reduce their capital by vote, but requires that a certified copy of the vote shall be recorded in the town clerk's office within ten days after its passage, and, if not so recorded, makes the directors "jointly and severally liable for all debts of the company contracted after said ten days and before the recording." The language is the same as in the preceding section, and must be construed in the same manner.

The final question is, whether the plaintiff is entitled to recover under said § 15. Section 15 provides that the debts shall not ex-

ceed the capital paid in, and that, if they do, the directors under whom the excess occurs shall be jointly and severally liable, to the extent of the excess, " for all of the debts of the company then existing, and for all that shall be contracted as long as they shall respectively continue in office, and until the debts shall be reduced to the amount of the capital stock paid in." The language, taken strictly, does not make the directors liable for any debts accruing after the excess occurs, unless it be a debt that is *contracted* after the excess occurs. The count, which is based on said section, states that the capital paid in was not over $137,525, and that, when the plaintiff's claim originated, the debts amounted to $255,-421.07. The claim, whether we regard it as having accrued when the injury was received or when the judgment was recovered, accrued after the excess occurred, and, if section 15 be strictly construed, cannot be recovered of the defendants, since it is not, strictly speaking, a debt contracted. We think the same reason exists for construing said section strictly as for so construing the others. The liability of the directors under it, as under the others, is penal, and it should not, unless the language requires it, be extended to any claim or debt not existing before the excess, unless contracted or voluntarily incurred, the theory being, apparently, that if the debts exceed the capital at any time, it is because the directors consent to, or at any rate do not check, the increase. Whether, under the section, the directors would be liable for a debt arising *ex delicto* if it preceded the excess, we need not consider.

*Demurrers sustained.*

*Edwin D. McGuinness & John Doran,* for plaintiff.
*Joseph C. Ely & Rathbone Gardner,* for defendants.