Bradbury, J.
The only question arising upon the voluminous record in this cause, which we deem of sufficient general interest to consider, is that growing out of the refusal of the circuit court to relieve the plaintiff in error from liability on account of debts of the company created while he was a stockholder, the time for the payment of which had been extended, by renewals, after he had disposed of his stock. If a holder of the stock of a corporation is a surety, merely, in his relation to the corporate debts, and his liability is to be measured by the rules of law which g’overn that *238 relation, then an extension by a creditor, of the time for .the payment of a corporate debt, by its renewal after a stockholder had ceased to be such, and without his consent, would relieve him from liability for its payment. Slagle v. Pow, 41 Ohio St., 603; Bank v. Leavitt, et al., Adm’rs, 5 Ohio, 207.
That the liability of a stockholder for the corporate debts in this state is secondary — that is, cannot be resorted to by the corporation creditors until the corporate assets are exhausted, or cannot be reached by the ordinary processes of law— was established by the case of Wright v. McCormack, 17 Ohio St., 86.
This, however, is not a test of the question, for in many cases — in fact usually — the creditor may pursue the principal debtor and his surety, contemporaneously, or even pursue the surety in the first instance, under some circumstances. Wilkins v. Bank, 31 Ohio St., 565; Brandt on Suretyship, section 97.
The liability of the stockholders is founded upon section 3 of article XIII, of the constitution of 1851, and‘section 3258 of the Revised Statutes. The subject was of'sufficient importance to have thus secured the attention of the convention that framed our present constitution, and, we think that in view of this constitutional provision, and the legislation founded upon it, the principle of holding stockholders of corporations liable for corporate debts is within the public policy of the state, and that the statute should be construed so as to constitute it a substantial provision for the benefit of the corporate creditors.
One who contracts with a corporation may be presumed to have kept these beneficial provisions in mind at the time. It was his privilege to in *239 quire and ascertain who then constituted the 'corporate body, and investigate their pecuniary responsibility. To require him, however, at his peril, to examine its books every time he may be invoked to renew an existing debt, and ascertain if changes in the corporate membership have occurred since the debt was created, and if so, investigate the comparative pecuniary ability of the new, as compared with that of the old stockholder, would seem to us a long stride in the direction of - nullifying by construction, these constitutional and statutory provisions which, at best, involve much difficulty and delay in their application. The question has received the attention of the courts of a number of the states, Harger v. McCullough, 2 Denio, 119; Hanson v. Donkersley, 37 Mich., 184; Jackson v. Meek, 9 S. W. Rep., 225 (Tenn.); and incidentally touched in some other cases. The decisions have been conflicting.
In Wheeler v. Faurot, 37 Ohio St., 28, and Harpold v. Stobart, 46 Ohio St., 397, this court recognized the conflict among’ the authorities upon the question, but did not And it necessary to determine it. In Taylor v. Wheel Co., 9 Am. Law Rec., 28, the court of common pleas of Logan county held that the extension of a corporate debt by a renewal did not discharge a stockholder who was liable as such for the original debt, but who had transferred his stock before the time for payment had been extended, by a renewal of the note. This rule, we think, is in harmony with the spirit of the constitutional and statutory provisions of this state prescribing the liability.

Judgment affirmed.