JOHN M. SAVAGE *vs.* JAMES F. SHAW & others.

Middlesex.   March 13, 1907. — May 16, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Street Railway*, Statutory liability of directors. *Corporation. Judgment. Statute*, Construction.   *Words*, "Debt."

A judgment against a street railway company in an action of tort for personal injuries is not a debt for which the directors are liable under R. L. c. 112, § 19, now St. 1906, c. 463, Part III. § 29, which provides that the directors of a street railway company shall be liable to the extent of its capital stock for its debts and contracts until the whole amount of its capital stock as originally fixed shall have been paid in and a proper certificate of such payment filed in the office of the secretary of the Commonwealth.

In St. 1864, c. 229, § 6, relative to the liability of the directors of a street railway company for its debts and contracts under certain circumstances, the words, "all debts and contracts made by the company," are used. In the re-enactments of that statute in Pub. Sts. c. 113, § 14, R. L. c. 112, § 19, St. 1906, c. 463, Part III. § 29, the phrase "made by the company" is omitted. *Held*, that such verbal change does not affect the construction of the statute.

BILL IN EQUITY seeking payment under R. L. c. 112, § 19, from the defendants, directors of the Marlborough Street Rail-

way Company, of a judgment rendered for the plaintiff in an action of tort for personal injuries against that corporation. The suit was begun as an action at law by writ in the Superior Court for the county of Middlesex dated July 5, 1904, and changed by amendment into a suit in equity on October 21, 1904.

There was a trial before *Lawton,* J., who entered a decree dismissing the bill, and the plaintiff appealed.

*F. H. Nash,* (*H. H. Ballard, Jr.* with him,) for the plaintiff.
*G. W. Cox,* for the defendants.

SHELDON, J. The plaintiff on July 5, 1904, recovered a judgment against the Marlborough Street Railway Company in an action of tort for injuries received by him while a passenger on a car of that company. His judgment has remained unpaid ; and he seeks in this bill to hold the defendants, as directors of that company, for its payment, under the provisions of R. L. c. 112, § 19. This statute provides that " The directors of a street railway company shall be jointly and severally liable, to the extent of its capital stock, for all its debts and contracts until the whole amount of its capital stock as originally fixed by its agreement of association, or if a chartered company, by its directors, shall have been paid in, and a certificate stating the amount thereof so fixed and paid in shall have been signed and sworn to by its president, treasurer, clerk and a majority of its directors, and filed in the office of the secretary of the Commonwealth." See now St. 1906, c. 463, Part III. § 29; *Westinghouse Electric Co.* v. *Reed,* 194 Mass. 590; *American Steel & Wire Co.* v. *Bearse,* 194 Mass. 596. The question accordingly which lies at the threshold of the case is whether the plaintiff's judgment was a debt of the corporation within the meaning of that statute.

The liability now in question was created by St. 1864, c. 229, § 6, by which it was enacted that the directors should be liable, within the limits there stated, " for all debts and contracts made by the company." This was made to read in the revision of 1882 that the directors of every street railway company should, within the same limits, be liable " for all its debts and contracts." Pub. Sts. c. 113, § 14. The language of the Revised Laws already quoted is, as to this matter, substantially that of the Public Statutes. The verbal changes thus made in the original

act of course cannot affect the construction of the statute. *Hardy* v. *Yarmouth,* 6 Allen, 277. *Morrison* v. *McDermott,* 6 Allen, 122, 123. *Dudley* v. *Adams,* 5 Allen, 96, 97. *Commonwealth* v. *Hall,* 4 Allen, 305, 307. We must therefore construe this statute as if the liability which it creates were declared to be for " all debts and contracts made by the company."

It is settled that this liability does not extend to torts committed by the corporation. *Child* v. *Boston & Fairhaven Iron Works,* 137 Mass. 516. *Heacock* v. *Sherman,* 14 Wend. 58. Whether it includes a judgment recovered in an action of tort, was expressly left undecided in the case first cited. The question has arisen however in other jurisdictions; and it frequently has been held that such words as " debt " or " debts and contracts " of corporations, in statutes imposing a personal liability upon the directors or stockholders, cannot be construed to include judgments for torts of the corporation. *Chase* v. *Curtis,* 113 U. S. 452. *Leighton* v. *Campbell,* 17 R. I. 51. *Bohn* v. *Brown,* 33 Mich. 257. *Cable* v. *McCune,* 26 Mo. 371. *Cable* v. *Gaty,* 34 Mo. 573. *Doolittle* v. *Marsh,* 11 Neb. 243. Cases in which the judgment relied on was founded upon a claim under a contract, though unliquidated, are not in conflict with these decisions. *Mill Dam Foundery Co.* v. *Hovey,* 21 Pick. 417, 455. *Haynes* v. *Brown,* 36 N. H. 545. The case of *Carver* v. *Braintree Manuf. Co.* 2 Story, 432, was sufficiently considered by this court in *Child* v. *Boston & Fairhaven Iron Works,* 137 Mass. 516, 520; and we are of opinion that the case of *Powell* v. *Oregonian Railway,* 36 Fed. Rep. 726, is at variance with the great weight of authority, unless it can be supported upon the ground that the original claim in that action was one which grew out of the covenants of a lease, and that is not the ground upon which the decision was put.

And we are of opinion that this statute cannot reasonably be construed to include among the " debts and contracts made by the company " judgments like the one here in question. The word " debt " is indeed one of large import, and ordinarily may be taken to include all that is due under any form of obligation as well as under any promise. *Bowen* v. *Hoxie,* 137 Mass. 527, 531. *Gray* v. *Bennett,* 3 Met. 522, 526. But in this statute the words " debts and contracts " are both qualified by the

limitation "made by the company." The enactment is one of a penal character, imposing upon the defendants liabilities which they never agreed or intended to assume, and must be construed with some strictness. *Gray* v. *Coffin,* 9 Cush. 192. *Chase* v. *Lord,* 77 N. Y. 1. *Bruce* v. *Platt,* 80 N. Y. 379, 381. *Irvine* v. *McKeon,* 23 Cal. 472. *Chase* v. *Curtis,* 113 U. S. 452, 457. The natural import of the language of the statute is that it contemplates ordinary debts or obligations voluntarily contracted by the corporation rather than involuntary obligations imposed upon it by law in consequence of the negligent or tortious acts of its agents or servants. *Doyle* v. *Kimball,* 23 Misc. (N. Y.) 431. *Esmond* v. *Bullard,* 16 Hun, 65. The judgment does establish a legal obligation on the part of the defendant therein to pay the amount recovered ; and in this Commonwealth, as in most jurisdictions, the judgment against the corporation is conclusive in the suit against the directors and stockholders of the existence and amount of the debt or demand as declared on. *Old Colony Boot & Shoe Co.* v. *Parker-Sampson-Adams Co.* 183 Mass. 557. *Thayer* v. *New England Lithographic Co.* 108 Mass. 523. But it never has been held to be conclusive upon the question of law whether the original cause of action was such as to create an individual liability in the officers or stockholders, and it manifestly cannot be so held. *Bohn* v. *Brown,* 33 Mich. 257. The fiction of law which implies upon the part of a judgment debtor a promise to pay the judgment, which will support an action of contract against him and upon which the judgment may justifiably be called a debt or contract of record, cannot be carried so far as to change an involuntary into a voluntary assumption of liability. As was said by Field, J. in *Louisiana* v. *Mayor of Orleans,* 109 U. S. 285, 288, this fiction of law "cannot convert a transaction wanting the assent of the parties into one which necessarily implies it. Judgments for torts are usually the result of violent contests, and are imposed upon the losing party by a higher authority against his will and protest."

The decision in *Felker* v. *Standard Yarn Co.* 148 Mass. 226, may stand well upon its own reasoning; but we are not disposed to extend that reasoning to cover a case like this.

Accordingly we are of opinion that the plaintiff's claim,

though reduced to a judgment, is not a debt or contract of the corporation within the meaning of the statutes R. L. c. 112, § 19; St. 1906, c. 463, Part III. § 29; and it is unnecessary to consider the other grounds of defence relied on. The decree of the Superior Court dismissing the bill must be affirmed.

*So ordered.*