KIRKPATRICK *v.* MEHALITCH.[1]

1. CORPORATIONS—GOODS SOLD AND DELIVERED—INDIVIDUAL LIA-BILITY OF STOCKHOLDERS—JUDGMENTS.

A judgment against a corporation upon its acceptance of a draft for the purchase price of goods sold to it under an arrangement with its treasurer that an accounting between it and the vendor should be had at stated intervals, and that 30, 60, and 90 day acceptances should be given and received for the amounts found due, is, in the absence of evidence that the accepted draft was itself received as payment, a judgment for goods, wares, and merchandise, within the meaning of the statute ( 1 How. Stat. § 3940 ) making stockholders individually liable on such judgments after execution against the corporation has been returned unsatisfied.

2. SAME—EXTENSION OF TIME—RELEASE OF SURETY.

The contention that a stockholder's relation to the corporation with respect to goods sold and delivered to it is that of surety, and that an extension of time to the corporation by taking its acceptance at a certain number of days for the purchase price operates to release the surety, is not applicable to a case where the giving of the acceptance is one of the terms of the contract under which the sale was made.

Error to Houghton; Hubbell, J.   Submitted June 15, 1897.   Decided July 13, 1897.

---

[1] Rehearing denied September 15, 1897.

Proceedings by Allan Kirkpatrick against William Mehalitch under 1 How. Stat. § 4886 *et seq.*, to enforce the individual liability of defendant for goods sold to a corporation in which he was a stockholder. From a judgment for defendant, plaintiff brings error. Reversed.

*Dunstan & Hanchette*, for appellant.

*A. T. Streeter*, for appellee.

HOOKER, J. The plaintiff sold produce, etc., to the Mechanics & Miners' Co-operative Association, a corporation organized under chapter 116, 1 How. Stat., under an arrangement made with the treasurer that an accounting should be had on each pay-day, and that 30, 60, and 90 day acceptances should be given and received for the amount found due. The goods which are the basis of this action were sold in May and June; and after pay-day, June 21, 1895, two drafts were made out, each for $280.98, for a bill of $561.96, and were accepted by the treasurer. The following February, two justice's judgments were taken upon these. Transcripts were filed and circuit court executions were taken out, and, being returned unsatisfied, the plaintiff filed a petition under 1 How. Stat. § 4888, and after obtaining a report by the secretary, giving the names of the stockholders of the corporation, had citation issued to each stockholder. Shares of stock are $10 each, and the defendant was the owner of two shares.

The object of the proceeding by petition was to collect such judgment from stockholders, under section 6 of the organic act (1 How. Stat. § 3940), which provides:

"Stockholders and directors shall be severally and jointly liable for all debts for labor performed for said corporation; and for all goods, wares, and merchandise sold and delivered to any such association, each of the stockholders or directors thereof shall be held liable to the amount of his capital stock therein, and no more; but no execution shall issue against such director or stockholder individually, until a judgment be first obtained for such

goods, wares, and merchandise against said association, and execution thereon be returned unsatisfied, in whole or in part."

The important questions upon the record are two: (1) Were the judgments for goods, wares, and merchandise? The defendant contends that they were not. (2) Did the taking of acceptances extend the time for the payment, and release the stockholder? The defendant maintains that it had this effect.

There can be no doubt that the obligation was incurred upon the purchase of goods, wares, and merchandise. It is contended that the judgment was upon an acceptance, and therefore not "a judgment for goods, wares, and merchandise," within the statute,—insisting upon a strict and literal interpretation of the statute. The price of these articles was determined by a contract, as were also the terms of payment. The acceptances should not be considered any more than evidence of the obligation. There is nothing to indicate that they were designed as payment, or that the original demand was lessened in any degree by them. We think that the circuit court erroneously held that a judgment based upon these acceptances, and showing that they were given for goods, wares, and merchandise, was not a judgment for goods, wares, and merchandise.

Again, if, as contended, the defendant is a surety of the corporation, as held in *Hanson* v. *Donkersley,* 37 Mich. 184, and an extension of time within which the debt might be paid would release him, there is no opportunity for the application of the doctrine in this case, for the acceptances did not have the effect of extending the time beyond that fixed by the terms of the contract. There is nothing in the act that prohibits a purchase by the corporation on time, or relieves the stockholder from liability because goods are so purchased.

Upon the argument it was urged, against the reversal of this judgment, that costs to the extent of $3,400 might be incurred in collecting these judgments of $600; but if

the stockholders will recognize their legal obligations, and perform them, there will be no opportunity for taxing costs.

The judgment is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.