ELIAS M. PECK, SURVIVOR OF HIMSELF AND ELIAS E. BROWN v. RICHARD C. MILLER.

*Corporations—Liability of stockholders to " laborers."*

An agreement actually carried out is none the less a contract because the parties differed as to its terms when they tried to state them in writing, and carried it out without doing so.

The constitutional liability of stockholders for labor debts of the corporation can only be enforced in equity, if it can be enforced at all without legislation.

Stockholders are only collaterally, not primarily, liable for labor debts of the corporation.

The conditions of the statute that makes stockholders liable for labor debts of the corporation must be fully complied with, and they restrict recovery to the amount of stock owned: courts cannot enlarge a surety's liability beyond the plain terms of his suretyship.

A contractor for preparing and completing the road-bed of a railroad is not a "laborer" within the meaning of the provisions which make stockholders liable for labor debts.

Error to Montcalm. Submitted October 25. Decided October 31.

ASSUMPSIT. Plaintiff brings error.

*Mitchel & Pratt* for plaintiff in error.

*Ellsworth, Lewis & Sapp* for defendant in error. The statute making stockholders liable for labor debts was for the protection of laborers, *Kent v. N. Y. C. R. R.,*

12 N. Y., 632; *Swift v. Kingsley*, 24 Barb., 545; *Coffin v. Reynolds*, 37 N. Y., 640; *Ericsson v. Brown*, 38 Barb., 392.

CAMPBELL, C. J. Plaintiff in error recovered judgment against the Grand Rapids, Rockford & Greenville Railroad Company, which was organized in 1870, for arrearages due on a contract made in 1872 to construct a portion of its line. This contract embraced the usual items of construction, including earthwork, clearing, bridging, culverts, ties, timber, piles and other items. The whole indebtedness created was between $40,000 and $50,000, of which about $20,000 was paid. The judgment was for the remainder. Defendant Miller is found to have been a stockholder in 1872, but the amount of his stock is not found. Execution was returned unsatisfied on the judgment May 12, 1877, the suit having been begun on the 30th of March, 1876, and judgment rendered February 15, 1877, for $20,167.97 and costs.

The present suit was brought against Miller as a stockholder for his alleged personal liability June 9th, 1877. The court below held the individual responsibility of railroad stockholders did not exist in favor of contractors such as Peck and Brown were found to be. Error is brought on this ruling.

The chief position taken in the elaborate argument of the plaintiff in error is that the Constitution of 1850 introduced a provision giving a ⁻claim against every stockholder for any labor done for his company, to whatever person the company immediately dealt with, and that a contractor is as much entitled to relief as the laborer would have been for work done in the direct employment of the corporation. It is also claimed that the statutes have secured the same remedy, and that a law of 1877 restricting recovery by new and onerous provisions has no force to destroy the former right.

The constitutional provision is as follows:

"The stockholders of all corporations and joint stock associations shall be individually liable for all labor performed for such corporation or association." Art. 15, § 7.

The statute of 1871, which was in force when the contract was made and performed, was in these words:

"Sec. 8. All of the stockholders of any such company shall be individually liable to an amount equal to the amount of stock held by them respectively, for all the labor performed, and also for all ties, wood, and supplies furnished for the company, but they shall not be liable to an action therefor until an execution shall be returned unsatisfied, in whole or in part, against the corporation, and the amount due on each execution shall be *prima facie* evidence of the amount recoverable, with costs, against any such stockholder; and every stockholder against whom any such recovery for labor shall have been had, shall have the right to recover the same of the other stockholders in said corporation, in ratable proportion to the amount of stock they shall respectively hold." Comp. L., § 2412.

A preliminary question is raised that these parties from the whole finding stood in the position of laborers rather than contractors, and thus avoided one difficulty claimed by defendant to preclude them from recovery. This assumption is based on the fact that it appears the work was done under an agreement which when reduced to writing and presented to the company was objected to and never signed, as variant from what they understood the contract to be, and the company in turn presented for signature to Peck and Brown a writing which they objected to for a similar reason, and the work was done without signing any contract.

The finding being express that the work was done under contract, and the facts stated making it equally plain that it was, the only dispute seems to have been, not as to what the parties were willing to agree upon, but what they had agreed upon before. Such a contract actually carried out does not cease to be a contract because the parties differ as to its terms when they attempt to put them into writing. It was open to proof, like all other matters of difference. It was no less a contract.

There was some reference made to a statute of 1877 as abolishing the old remedies, but we do not feel called on to consider it in the view we take of this case, as it was not apparently considered in the court below.

Two questions seem to arise in the outset,—*first*, whether the liability under the Constitution for labor, which declares stockholders liable generally, is affected by the more restricted statutory liability; and *second*, whether contractors like those before us are within the law.

This action is brought under the statute, and not under the Constitution. If the constitutional provision is sufficient to execute itself without legislation, it can only be by some proceeding in equity. There is no remedy at law to do complete justice in such a case without some aid of statutes. The responsibility of the stockholder, as we held in *Hanson v. Donkersley*, 37 Mich., 184, is not primary, but collateral, and in a suit under the statute the statutory conditions must be fully complied with. This would affect the amount of recovery, if recovery is allowed, inasmuch as under the statute there is no liability beyond the amount of stock held by the defendant. In other respects the statute is broader than the Constitution in extending the liability beyond labor. But it follows the Constitution in declaring for whom the labor is to be performed.

The inquiry therefore arises whether the remedy for labor extends to the case of a contractor who has built a section of road.

As intimated in *Brockway v. Innes*, ante, p. 47, we can get very little assistance from adjudged cases in construing this language of the Constitution. But there can be no doubt, we think, that the main if not the only object of this provision was to secure the claims of laborers whose wages are not usually very large, but whose means are not generally such that they can avoid

suffering unless they are secured. Such persons have not·the same knowledge of business or command of resources as contractors, and they are much less able to protect themselves in advance by proper measures of precaution against loss. There is nothing in the proceedings of the constitutional convention to indicate from what source the provision was borrowed. The general railroad law of New York, which had then been recently adopted, contained a clause enforcing liability "for all the debts due or owing to any of its laborers and servants for services performed for such corporation," and this has been held not to extend to the contractor for building a portion of a railroad. *Aikin v. Wasson,* 24 N. Y., 482. The natural meaning of the provision in question is that the work must be performed for the company, and create a company liability to the person· who performs it. If the labor is not performed for the company but for some one else with whom the company is in contract relations, it requires some expansion of the language to reach the middle man, and this would not be allowable unless upon plain evidence of such an intent. Courts cannot enlarge the liability of sureties beyond the plain terms of their suretyship.

It does not necessarily follow that there can be no liability for labor to a person who in performing a labor service employs his own assistants and workmen. There are certainly very many cases where the work which is done by a contractor· is labor in the proper sense of the term and is so understood. There are undoubtedly cases where the line may not be easily drawn. But in such a case as the present there is no difficulty. These contractors were to go upon the line of the proposed railway, and transform a certain section of it into the structure of a track, clearing away trees and stumps, raising an embankment, building bridges and culverts, piling low land, and laying timber and ties where they belong, and turning over to the railway company ready for the finishing additions something which was the result of

combined skill, labor and materials, as distinct in its character as a building. The value of such a structure cannot be nicely analyzed into so many days' work or so much material. The contractors make their own bargains with their men, and for their material, and include in their prices such profits as they can induce the company to give, and which will make the undertaking remunerative for their time, expenditure, risk, and any other element which they suppose included. To call the completion of such a contract labor done or materials furnished for the company would be to leave out the important element of a complete result which was the thing bargained for. If such a contract had been violated in any particular, the contractor could not recover the full price of the rest and confine the damages to the one item left out or spoiled. Putting in weak timbers endangering a bridge, might easily involve very much more than the additional cost of a few feet of sound timber. The effect of the failure on the entire work might be considerable, and could not be apportioned indefinitely among the separate items of labor, time or materials. And where suit is brought on such a contract and judgment recovered for less than its face, or for its whole face, any attempt to determine what part is for labor and what part for something else may be impossible. It cannot reasonably be said that the men who work for such a contractor are performing labor for the company, and it is very certain that the contractor is himself doing something quite different. The same legislature which adopted the statute of 1871 recognized the difference by making special provision whereby railroad companies may be required to protect the wages of men employed by contractors or furnishing them material. Comp. L., §§ 2393–4–5. This law is copied from a New York law forming part of the same general system under which contractors were held not entitled to look to stockholders. *Kent v. N. Y. Central R. R.*, 12 N. Y., 628.

If railroads were the only corporations, and if railroad construction were the only kind of labor contemplated by the Constitution, there would be more force in the suggestion that the majority of labor is left unprovided for by this construction. There is no reason to suppose railroads were particularly in the mind of the convention. At that particular time it is very certain they had given no occasion for the protection of contractors. But it is plain enough that the provision was intended to cover completed as well as inchoate enterprises, when corporations would have less occasion to make contracts than to employ men. There is no branch of business which is not more or less done by companies, from mines and manufactories of all sorts, large and small, to transportation by land and water, farming, building, lumbering, and numberless other enterprises. More persons labor for companies than for individual employers in many parts of the country, and experience has always shown these laborers, properly so called, are very much at the mercy of employers and need protection against corporate irresponsibility.

We do not see that there is any lack of cases for the application of the constitutional provision after excluding railway contractors.

It is much to be regretted that anybody should be injured or impoverished by relying on broken promises of companies or stockholders. We are obliged however, to apply the law as we find it, and we do not think it applies to this case.

The judgment must be affirmed with costs.

COOLEY and GRAVES, JJ. concurred; MARSTON, J. did not sit in this case.