EDWARD H. HARRIMAN, Appellant, v. ALBERT G. HOWE and Others, as Commissioners of Highways, etc., Respondents.

*Public officers — presumed to have performed their official duties — absence of records presumptive evidence of their non-existence — right of way — when presumed — public highway — use, simply, by the public insufficient — road running through woodland.*

It is a presumption of law that public officers have performed their official duty, and where no record was ever made in relation to a road, under the provisions of the Revised Statutes, by commissioners of highways, it is presumed, in the absence of explanation, that the facts required to be recorded never existed in relation to such road, and such presumption is sufficient proof of the non-existence of such facts until it is overcome.

Proof of user alone of a road is insufficient to show it to be a public highway. It must be associated with some act showing such use to be claimed as a right, hostile to and independent of the will of the owner, such as reparation or assuming the control of the road in some ostensible manner, and a record showing the division of a road into districts is not evidence of the existence of the same as a public highway.

The presumption of a grant of a right of way springs from the lapse of twenty years in connection with the adverse use thereof by the public.

The mere fact that people travel over a road for twenty years does not make it a highway. The road must not only be traveled upon but it must be kept in repair or taken in charge and adopted by the public authorities.

A private way opened by the owners of land through which it passes, for their own use, does not become a public highway merely because the public are also permitted for many years to travel over it.

The mere use of a road, which originally passed through woodland, although it has been in existence for more than fifty years, is not sufficient to constitute it a public highway.

APPEAL by the plaintiff, Edward H. Harriman, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Orange on the 7th day of August, 1893, upon the decision of the court rendered after a trial at the Orange Special Term, dismissing the plaintiff's complaint.

*W. D. Guthrie, S. W. Fullerton, M. H. Hirschberg* and *G. C. Austin,* for the appellant.

*William D. Dickey* and *William F. O'Neill,* for the respondents.

DYKMAN, J.:

This is an appeal from a judgment dismissing the complaint of the plaintiff after a trial at a Special Term of this court.

The action was brought to determine the character of the roadway described in the complaint, and to procure a judgment which should declare it to be a private and not a public way, and to perpetually restrain the defendants, as commissioners of highways, from working or repairing the road or interfering with it in any manner as a public highway.

The complaint alleged that the way in question was and continues to be a private roadway, and has at all times been used as such by the owners of the property through which it passes. This way runs through a vast tract of mountainous woodland of over 8,000 acres, over which there are about fifty miles of the same sort of mountain roads. There is not upon it a single human habitation. There is neither roadbed nor anything to distinguish it from the other paths which cross the mountain. There is no record of the laying out of this road or the creation thereof as a highway by virtue of any statutory proceedings, and the road never was ascertained, described or entered of record in the office of the town clerk prior to April, 1893.

The public authorities at no time worked or repaired the road prior to this controversy with the plaintiff.

The defendants do not claim that the road in question was ever laid out under the statute, but they have now caused the same to be ascertained and entered of record as a road which has been used as a highway for over twenty years.

That record was made after the commencement of this action, and confines the defendants to the contention that the road is a highway by prescription.

The question for our determination, therefore, is whether the road has become a public highway by prescription, and that question is not answered in the affirmative by the mere proof of user for the prescriptive period, as user alone is insufficient to constitute a public highway. It must be associated with some act showing such use to be claimed as a right hostile to, and independent of, the will of the owner, such as reparation or assuming the control of the road in some ostensible manner.

The presumption of a grant of the right of way springs from the lapse of twenty years in connection with the adverse use by the public. (*City of Cohoes* v. *D. & H. Canal Co.*, 134 N. Y. 402.)

So far as presumptions can be indulged, they favor the position of the plaintiff for this reason.

By the Highway Law of 1813 (2 R. L. 270) it was made the duty of commissioners of highways in the several towns of this State to cause such of the roads as were not already described and recorded, to be ascertained, described and entered of record in the town clerk's office.

By the Revised Statutes highway commissioners were directed to cause such roads as have been used for twenty years, but not recorded, to be ascertained, described and entered of record in the town clerk's office. (1 R. S. 501, § 1, subd. 3.)

No such record was ever made in relation to this road, and as the law constantly presumes that public officers have performed their official duty, the presumption is, in the absence of explanation, that the facts required to be recorded never existed.

Such presumption is sufficient proof of their non-existence until it is overcome. The record showing the division of the road into districts, even if admissible, does not answer the requirement of the

statute, and is not evidence of the existence of a public highway. Property owners cannot be deprived of their land in that manner.

For the long period of eighty years no effort was made to record this road. Peter P. Parrott was in possession of this land from 1838, always used the road for private purposes, and never knew the public authorities claimed it to be a public highway. No assessment for labor on it was ever made, and no official authority over the road was ever exercised.

Would the town of Woodbury be liable to persons traveling over this road for injuries resulting from its founderous condition? That is a sure test of its character, and yet such result follows, if the contention of the defendants is to be upheld.

If such liability attaches in respect to this road, why may it not be inferred in relation to all the other roads over these mountains, for it is safe to assume that all persons who desire to travel over those roads do so at their pleasure. Such use of this road by the public as the proof shows is entirely insufficient to create a highway by prescription. It passes through a vast tract of uninclosed forest. It is a mountain woodroad of the same character as all the woodroads through this forest, being a single way sufficiently wide for a lumber wagon.

The whole tract has for half a century been used in connection with the Greenwood Iron Works, to furnish cordwood and charcoal for those works, and all the woodroads have been used for drawing the products of these lands to the furnace.

The presumption is natural that all the woodroads originally came into use in that way and for that purpose. For what other purpose could this fifty miles of mountain road have come into use, and what reason is there for presuming that this particular road had an origin differing from that of the others?

It is true there are entries in certain old records pertaining to this road, but they fail to show its origin or that it ever took on any public character. If the commissioners of highways can now declare this road to be a public highway and constitute it such by their simple declaration that it has been used for twenty years as such by the public, what prevents the same declaration and result in relation to the other fifty miles of roads over these mountains?

It cannot be that the land of the plaintiff is subject to confiscation in that way, for it would be nothing less than that.

A portion of the language of the opinion of the Court of Appeals in the case of *Speir* v. *The Town of New Utrecht* (121 N. Y. 420) is entirely applicable to this case, and it is this: "All we have here is, that the road was used by the public generally. But the mere fact that a portion of the public travel over a road for twenty years cannot make it a highway; and the burden of making highways and sustaining bridges cannot be imposed upon the public in that way. There must be more. The user must be like that of highways generally. The road must not only be traveled upon but must be kept in repair or taken in charge and adopted by the public authorities. We think all this is implied in the words: ' Used as public highways.' * * * A private way opened by the owners of land through which it passes for their own uses does not become a public highway merely because the public are also permitted for many years to travel over it."

Judge PRATT, in delivering the opinion in the same case when it was in our court, said: "It is elementary law that to establish an easement in lands by use or prescription, the occupation and use of the land must be plainly for the purpose in view under an unequivocal claim, and if not actually adverse at least under circumstances leaving the owner at all times free to resist the invasion. The coincidental use by the public of a private way which the owners maintain primarily for their own convenience is permissive or by license, and lacks the essential characteristics of the use required to work a presumption of grant or title in the public for a public highway. The authorities in support of these propositions are too numerous for citation."

In the case of *Lewis* v. *The New York, L. E. & W. R. R. Co.* (123 N. Y. 496, 503) the Court of Appeals unanimously affirmed the same doctrine, and in respect to it used the following language: "We have recently determined what facts constitute a public highway within the meaning of the statute relating to user. (*Speir* v. *New Utrecht*, 121 N. Y. 420.)"

We there held that it must have been traveled by the public for twenty years, and either kept in repair or taken in charge by the public authorities.

Moreover, the character of the land over which the way in question passes forbids the indulgence of any presumption of a right by prescription and prevents the acquisition of any right by the public by mere use of the road.

In Angell on Highways, section 151, it is laid down as elementary law, that where a road, which had been in existence for more than fifty years, had originally passed through woodland, the mere use would be insufficient to constitute it a public road. The ground for the distinction is that where the land is inclosed and cultivated the mere use is an invasion and a trespass, but where it is woodland those who travel it commit no trespass until after notice to desist, and subject the owner to no loss or inconvenience. To prohibit such use would be considered churlish and would be ineffective unless constant watch were kept of the premises.

In the case of *Hutto* v. *Tindall* (6 Rich. Law, 396) the doctrine was laid down by the Court of Appeals of the State of South Carolina as follows : " As the presumption of a grant of way by the owner of the land arises from the exercise of a privilege adverse to his right of property and from his acquiescence in the exercise of the privilege, the presumption will not be supported if the use of the way does not impinge on his rights nor conflict with his enjoyment of his property. A distinction must, therefore, be observed between the claim of a way through inclosed and cultivated land and way over unenclosed woodland. * * * Merely passing over uncultivated and unenclosed forest, which is common to every one, cannot by any lapse of time give a right to any individual. The presumption of a grant of way should be restrained by rules of evidence which may prevent its insidious operation."

The facts of this case bring it fairly within the law so announced. Such is the well-established doctrine, and a full and careful examination of this case conducts us to the conclusion that the road in question never was a public highway ; that the judgment should be reversed and a new trial granted, with costs to abide the event.

PRATT, J., concurred ; BROWN, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.