WEGNER v. TOWER.

1. CORPORATIONS—LABOR DEBTS—LIABILITY OF STOCKHOLDERS.
    The constitutional liability of stockholders for labor debts of the corporation, under article 12, § 4, is not a primary liability, and the legislature may provide the manner of enforcement.[1]

2. SAME—PRIMARY LIABILITY OF CORPORATION FOR LABOR DEBT MUST BE EXHAUSTED BEFORE ENFORCING STOCKHOLDERS' LIABILITY.
    Where one having a labor claim against a corporation did not pursue his right to have his claim allowed as a preferred claim under 3 Comp. Laws 1915, § 14622, in receivership proceedings wherein a receiver had been appointed for the company, and collect what he could from the company, he is not entitled to maintain an action on the claim against the stockholders; the constitutional liability of stockholders being secondary, and before it can be enforced the primary liability of the corporation must be exhausted.[2]

[1]Corporations, 14 C. J. §§ 1507 (Anno), 1525; [2]Id., 14 C. J. §§ 1525, 1633, 1705 (Anno).

3. SAME—RECEIVERSHIP PROCEEDINGS—JURISDICTION TO GIVE LABOR
DEBT PREFERENCE.
 The court in which receivership proceedings for a cor-
 ·   poration are pending has jurisdiction to allow a labor
   claim, determine its preferential character, and direct pay-
   ment from the assets before general creditors are allowed
   to participate.[3]

Error to Montcalm; Hawley (Royal A.), J.   Sub-
mitted June 8, 1926.   (Docket No. 3.)   Decided July
22, 1926.

Assumpsit by William R. Wegner against Ray J.
Tower and others for services rendered.   From an
order of dismissal, plaintiff brings error.   Affirmed.

*Francis L. Williams,* for appellant.

*Isabella R. Ganton* and *N. O. Griswold,* for appellees.

FELLOWS, J.   Plaintiff brings this suit to recover
from defendants who are stockholders of the Michigan
Canned Food Company, a Michigan corporation, for
labor performed by him for the company.   The trial
judge dismissed the suit for two reasons:   (1) that
plaintiff had not recovered judgment against the cor-
poration, and had not had an execution issued thereon
and returned unsatisfied as required by section 9053
(77), Comp. Laws Supp. 1922, and section 12749, 3
Comp. Laws 1915, and had not sufficiently excused
such failure; and (2) that he had not pursued his
right to have his claim allowed as a preferred claim
under section 14622, 3 Comp. Laws 1915, in the re-
ceivership proceedings wherein a receiver had been
appointed for the company.
On the first proposition plaintiff insists that be-
cause a receiver has been appointed and the assets
of the corporation turned over to him he is precluded
from bringing suit against the corporation or from

[3]Corporations, 14a C. J. § 3285.

attempting to levy on its assets, and, therefore, he is excused from the conditions precedent provided for in the statutes cited.    We do not find it necessary to determine this question as we are satisfied that the second reason is sufficient to sustain the holding of the trial judge.

That the constitutional liability of stockholders for labor debts (art. 12, § 4), is not a primary liability and that the legislature may provide the manner of its enforcement, was early settled by this court.    *Hanson v. Donkersley*, 37 Mich. 184; *Milroy* v. *Mining Co.*, 43 Mich. 231; *Thompson* v. *Jewell*, 43 Mich. 240.    In the *Milroy Case* it is said:

"Under the old statute two actions were given—first, one against the corporation; then, under certain circumstances, one against the stockholders.    Under the present statute a choice of remedies is given: the creditor may elect to pursue the corporation alone, or he may join as defendants with the corporation any or all of the stockholders; but he cannot even then proceed against their property by levy and sale upon his execution until the property of the corporation shall have been exhausted.    The property of the corporation is made primarily liable for the labor debts; the individual property of the stockholder secondarily."

The liability of the corporation being primary and that of the stockholder secondary, it is obvious that plaintiff may recover from the stockholder what he is unable to recover from the corporation and no more, and that he must first attempt to recover on the primary liability.    He did in fact file his claim in the receivership proceedings but withdrew it and instituted this suit.    While plaintiff avers that "there is no reasonable prospect of collecting his claim through the receivership proceedings," he states no facts upon which this allegation is based.    It is but a conclusion of the pleader.    There is no allegation as to the

amount of the assets in the receiver's hands, no allegation as to the amount of claims having precedence over or concurrent rights with his and, but for the fact that the receiver was required to file a $15,000 bond, the court would be unable from the pleadings to hazard even a guess as to the financial situation in the receivership proceedings. Before plaintiff can proceed to enforce the secondary liability of the stockholders he must exhaust the primary liability of the company and first collect what he can from the corporation.

The court in which the receivership proceedings are pending has jurisdiction to allow his claim, determine its preferential character, and direct its payment from the assets before general creditors are allowed to participate. Before he can recover from the stockholders, he must at least exhaust his available remedies against the corporation. This he has not done.

The judgment is affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.