## SNOW v. MURPHY.

1. HIGHWAYS AND STREETS—USE ALONE INSUFFICIENT TO ESTABLISH PUBLIC HIGHWAY BY USER—ACCEPTANCE NECESSARY.

Use alone by public of old logging road for many years after lumbering operations had ceased is insufficient to establish it as public highway by user, since, to establish it as such, there must also have been acceptance by public at least by taking over control and maintenance of some portion of alleged highway.

2. SAME—CONTROL BY TOWNSHIP NECESSARY.

That irregular way across plaintiff's land was means of passage between other roads, control of which had been taken by township, will not suffice to establish acceptance of said irregular way and thus make of it public highway.

Appeal from Oceana; Barton (Joseph), J. Submitted October 16, 1929. (Docket No. 103, Calendar No. 34,468.) Decided December 3, 1929.

Bill by Walter Snow against Philip Murphy, superintendent of highways of Muskegon county, and others to enjoin use of an old logging road. From a decree granting relief prayed, defendants appeal. Affirmed.

*Wetmore & Bagley,* for plaintiff.

*Joseph F. Sanford* and *Wm. J. Branstrom,* for defendants.

North, C. J. The plaintiff owns the east one-half of the northeast quarter of section 22, Greenwood township, Oceana county. He seeks by injunction to prevent the defendants from traveling across this parcel of land by way of an old winding logging road constructed over 50 years ago by the then owners of the land. The defendants are engaged in trucking gravel to be used in road construction in Muskegon county, and this old road is a convenient way for them to reach the pits from which they are hauling gravel. The defendants contend that this road is a public thoroughfare established and used as such by the public for at least half a century. On the other hand, the plaintiff asserts this road was never anything more than a private way, and that neither the defendants nor other members of the public have any rights therein. The injunctive relief sought by the plaintiff was granted, and the defendants have appealed.

A full reading of this record convinces us that the decree entered in the lower court should be affirmed. The road in question was one of many roads orig-

inally constructed as private enterprises in this locality to facilitate lumbering operations. Practically all of these roads were used more or less by the general public, and this use by the public continued for years after lumbering operations had ceased. Because this particular road was a better way then some of the others, it was more extensively used, and such use has continued for years after some of the other logging roads have fallen into disuse and become overgrown with brush and trees. This road was evidently the most convenient way to travel in a southerly direction from a settlement on the south side of White river to the nearest market and railroad; but no claim is made of a dedication and acceptance of this road or that it is a highway regularly laid out by the township. In appellants' brief the sole issue is thus stated:

"Is the road in question a public highway by user?"

They seek to sustain their contention on the theory of an implied dedication and acceptance. We do not find in the record testimony which would justify us in so holding. The public has used this road for a longer time than would be required to establish a way by user; but use alone is not sufficient. There must be an acceptance by the public at least by taking over the control and maintenance of some portion of the alleged highway. The exercise of such public control is not shown in this record. The fact that the township had taken control of other roads between which this was a means of passage will not suffice to establish acceptance of this irregular way across plaintiff's land and thus make of it a highway.

The following is from the syllabus in *Stickley* v. *Township of Sodus,* 131 Mich. 510 (59 L. R. A. 287):

"A mere permissive use of a private road by the general public, however long continued, will not make it a public highway. To constitute a highway by user under the statute such use must have been accompanied by some act on the part of the township authorities so open, notorious, and hostile as to be notice to the landowner that his title was denied." Citing 2 Comp. Laws 1897, § 4061 (1 Comp. Laws 1915, § 4307).

The following charge to the jury was approved in *Chapman* v. *City of Sault Ste. Marie,* 146 Mich. 23:

"Not only the general public must use it (the road) and travel upon it as a thoroughfare, but the implied dedication must be accepted by the public authorities and the way taken in charge and maintained as other highways." Citing *Alton* v. *Meeuwenberg,* 108 Mich. 629; *Irving* v. *Ford,* 65 Mich. 241; *Harriman* v. *Howe,* 78 Hun (N. Y.), 280 (28 N. Y. Supp. 858), affirmed in 155 N. Y. 683 (50 N. E. 1117).

See, also, *Hinckley* v. *Dennison,* 169 Mich. 361; *Wegner* v. *Tower,* 235 Mich. 610, and *Murphey* v. *Township of Lee,* 239 Mich. 551.

The evidence does not establish a highway by user.

The decree of the lower court is affirmed, with costs to the appellee.

FEAD, BUTZEL, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.