MENOMINEE COUNTY TREASURER *v.* AUDITOR GENERAL.

1. Public Lands—State Land Office Board—Department of Conservation—Statutes.

   Remedial provisions contained in act relating to disposition of lands to which the State has acquired title because of delinquent taxes, which provisions relate to lands in the southerly portion of the State under the jurisdiction of the State land office board, do not extend to lands in the northerly part of the State under the jurisdiction of the department of conservation (Act No. 155, Pub. Acts 1937, as amended by Acts Nos. 29, 244, and 329, Pub. Acts 1939).

2. Constitutional Law—Classification of Public Lands.

   Inequities which may exist in act relating to disposition of lands to which State has acquired title because of delinquent taxes arising from classification and separate treatment because of location within the northerly or southerly part of the State can only be remedied by the legislature (Act No. 155, Pub. Acts 1937, as amended by Acts Nos. 29, 244, and 329, Pub. Acts 1939).

3. Statutes—Title of Act.

   The State land office board act is not unconstitutional on the ground that its title is insufficient (Act No. 155, Pub. Acts 1937).

4. Constitutional Law—Classification of Lands in State Land Office Board Act.

   The State land office board act is not unconstitutional on the ground that the classification of lands therein is a "discriminatory" one (Act No. 155, Pub. Acts 1937).

5. Mandamus—Parties—Fraud.

   Question as to whether or not fee owners of land were guilty of fraud in failing to pay taxes for a certain year is not considered in original mandamus proceeding in Supreme Court brought by county treasurer and mortgagee to compel auditor general to accept payment of delinquent taxes where the fee owners are not made parties to the proceedings.

6. SAME—DELINQUENT TAXES—MORTGAGES—LANDS IN NORTHERLY PART OF STATE.

After title to lands in a county in the northerly part of the State became vested in the State after sale for delinquent taxes and fee owners applied to department of conservation to have the lands offered for sale at a public auction under the State land office board act, and township at mortgagee's request made application to the department to withhold the lands from sale for one year and mortgagee paid township treasurer the delinquent tax, the mortgagee was not thereby entitled to writ of mandamus to compel auditor general to accept tender of payment of delinquent taxes on such lands, such right to do so being confined to lands in the southerly portion of the State presently under the jurisdiction of the State land office board (Act No. 155, Pub. Acts 1937, as amended by Acts Nos. 29, 244, and 329, Pub. Acts 1939).

7. CONSTITUTIONAL LAW—STATUTES—SUPREME COURT.

The Supreme Court cannot change the plain wording of the law relating to disposition of land to which the State acquired title upon sale for delinquent taxes (Act No. 155, Pub. Acts 1937, as amended by Acts Nos. 29, 244, and 329, Pub. Acts 1939).

8. COSTS—PUBLIC QUESTION—MANDAMUS—INTERPRETATION OF STATUTES.

No costs are allowed in mandamus proceeding in which Supreme Court was asked to interpret certain sections of the State land office board act, a public question being involved (Act No. 155, Pub. Acts 1937, as amended by Acts Nos. 29, 244, and 329, Pub. Acts 1939).

Mandamus by Maude Prince, Menominee County Treasurer, and Bark River State Bank to compel the Auditor General, Conservation Department, and State Land Office Board to accept a sum of money tendered in payment of delinquent taxes, to withhold property from a tax sale, and relinquish claim to title. Submitted March 18, 1941. (Calendar No. 41,218.) Writ denied April 8, 1941.

*Michael J. Anuta* and *Yelland & Yelland,* for plaintiffs.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Peter E. Bradt,* Assistant Attorney General, for defendants.

BUTZEL, J.   We are asked to interpret sections of Act No. 155, Pub. Acts 1937, as amended by Acts Nos. 29, 244, and 329 of Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 3723–1—3723–14, Stat. Ann. 1940 Cum. Supp. §§ 7.951—7.964), all of which for brevity we refer to as the "act."

Plaintiff, treasurer of Monominee county, Michigan, and the Bark River State Bank, a Michigan banking corporation, by original petition for mandamus in this court, seek the order of this court to compel the auditor general to accept moneys tendered him by the bank in payment of delinquent taxes for which the property in question was sold to the State.   They claim the auditor general is bound to do so under the act if it is found to be constitutional and in force, and if it is not, then to accept the money in payment of the taxes under the general tax laws of the State; to withhold the property forever from sale for the taxes in question; also to show why the State and all of its agencies should not relinquish all claim and title to property in favor of Edward J. Hakes and wife, fee owners, and the bank, mortgagee.

Edward J. Hakes and wife are the fee owners of property situated in the township of Spalding, Menominee county, Michigan, and upon which Hakes and wife in 1930 gave the bank a mortgage of $3,000. Petitioners allege that the property is worth about $4,000.   At the tax sale of 1938, the property was sold for delinquent taxes for 1931, and on November 3, 1939, the title became vested in the State of Michigan.   On November 29, 1939, Hakes and wife, fee owners, applied to the department of conserva-

tion to have the lands offered for sale at a public auction under section 6 of the act. The township of Spalding on April 16, 1940, at the request of the bank made application to the department of conservation to withhold the property from sale for one year, and thereupon the bank paid to the treasurer of the township of Spalding the sum of $226.19, being more than the amount for which the property had theretofore been sold to the State, plus the penalty of 24 per cent. for delinquency. Thereupon a sufficient sum was tendered to the auditor general to pay the delinquent taxes plus full penalty. The auditor general refused to accept the tender on the ground that he had no authority under the act, nor any other act, to accept such moneys. He claims that the title to the property had become vested in the State of Michigan, subject only to the right of Hakes and wife and the bank to bid at the sale; that neither the bank nor any other person or municipality has a right to redeem this property, such right having been completely lost on November 3, 1939, when the title vested in the State of Michigan; that the department of conservation was obliged to offer the property at public auction for not less than 25 per cent. of the 1939 assessed valuation in accordance with the application to purchase made by Hakes and wife; that the provisions of the act specifically relating to lands under the jurisdiction of the State land office board do not apply to lands that are under the jurisdiction and control of the department of conservation and they must be disposed of under the general tax laws of the State, subject, however, to such rights as are given by section 6 of the act to parties who had any interest in the land at the time of the tax sale.

Petitioners further claim that it was the intention of the legislature, expressed in sections 5 and 7 of

the act, to permit the bank to pay the taxes at any time previous to the sale of the land which has been postponed.

Remedial provisions contained in other parts of the act referring to lands under the jurisdiction of the State land office board do not extend to the lands under the jurisdiction of the department of conservation. Petitioners in their brief contend, however, that there is injustice and unlawful discrimination in section 3 of the act wherein it divides the State into two sections and denies rights to owners of lands in northerly counties that it affords to land owners in the southerly counties. Petitioners concede that they can cite no authority to sustain their claim. The act is plain and contains nothing therein which indicates that it was the intention of the legislature to apply provisions which are exclusive to lands in the southerly part of the State and over which the State land office board has control to those in the northerly part of the State over which the department of conservation has control. If there are any inequities in the act, they can only be remedied by the legislature.

Petitioners claim unconstitutionality because of insufficiency of the title of the act and discriminatory classification of land under section 3 of the act. These same claims were discussed and denied in *Baker* v. *State Land Office Board,* 294 Mich. 587.

The petitioners, however, state that the principal question in the case is whether, under the act, the mortgagee has the right to pay the delinquent taxes after the title to the land has vested in the State of Michigan and the municipality has requested the department of conservation to withhold the lands from sale and after the fee owners have made application to purchase the lands under section 6 of the act, either to the municipalities interested in the

taxes or directly to the auditor general. They claim fraud on the part of the fee owners who paid delinquent taxes for 1930, 1932, 1934, and 1936, but neglected to pay those for 1931 for the evident purpose of having the property sold by the State so that they might buy in the property for far less than the amount of the mortgage. We decline to consider the question of fraud in this proceeding of mandamus in which Hakes and wife, fee owners, have not been made parties. The bank states that it is not necessary to make them parties as it is only attempting to pay the taxes which the fee owners should have paid and that it is not seeking to acquire a title hostile to that of the fee owners. The bank could have made timely payment of the 1931 taxes or redeemed within the time prescribed by law after the sale to the State. We find that the rights petitioners claim are exclusive to the owners of the lands that come under the jurisdiction of the State land office board and do not extend to the lands in the northerly counties of the State. Under the circumstances, if the bank has any remedy or rights, they must be enforced by a different procedure. We do not pass upon this question.

We cannot change the plain wording of the law. In *Oakland County Treasurer* v. *Auditor General,* 292 Mich. 58, we construed sections 5 and 7 so as to carry out the evident intent of the legislature. These sections referred exclusively to lands under the jurisdiction of the State land office board. The act contains different provisions as to lands under the jurisdiction of the department of conservation.

We are, therefore, constrained to deny mandamus, but without costs, as a public question is involved.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, McAllister, and Wiest, JJ., concurred.