KNAPP v. PALMER.

1. CONSTITUTIONAL LAW—STATUTES—CONSTRUCTION OF RE-ENACTMENTS.

When a new Constitution is adopted by a State using language of a previous Constitution or statutes are re-enacted, the Supreme Court must presume that the language was used in the sense in which it had been judicially interpreted.

2. CORPORATIONS—LABOR DEBTS—LIABILITY OF STOCKHOLDERS.

Stockholders of a corporation are not made liable for labor debts of the corporation unless the corporation has failed to pay and legal remedies exhausted, either by unsatisfied execution or by bankruptcy legally adjudged (Const. 1908, art. 12, § 4; 4 Comp. Laws 1948, § 620.13).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am. Jur., Constitutional Law, § 67.
[2, 3] 13 Am Jur., Corporations, § 584.
[4] 13 Am. Jur., Corporations, § 571.
[5] 13 Am. Jur., Corporations, § 575.
[6, 7] 50 Am. Jur., Statutes, § 225.

3. SAME—COLLATERAL NATURE OF STOCKHOLDERS' LIABILITY FOR LABOR DEBTS.

The constitutional responsibility of stockholders for labor debts of a corporation is not primary, but collateral (Const. 1908, art. 12, § 4; 4 Comp. Laws 1948, § 620.13).

4. SAME—STOCKHOLDERS' LIABILITY FOR LABOR DEBTS—CONSTITUTIONAL LAW—STATUTES.

While the legislature cannot relieve the stockholder from the liability imposed by the Constitution, it may point out and regulate the manner or method of enforcing the same (Const. 1908, art. 12, § 4; 4 Comp. Laws 1948, § 620.13).

5. SAME—LIABILITY FOR LABOR DEBTS—STOCKHOLDERS—CONSTITUTIONAL LAW—STATUTES.

The provision of the Constitution imposing upon stockholders liability for labor debts of the corporation is not self-executing, the liability is secondary and statutory provisions implementing it must be fully complied with before attachment of liability (Const. 1908, art. 12, § 4; 4 Comp. Laws 1948, § 620.13).

6. STATUTES—AMBIGUITY—INTERPRETATION.

If a statute is of doubtful meaning and ambiguous the door is open to a judicial determination of the legislative intent.

7. SAME—CONSTRUCTION.

If language of a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary.

8. SAME—CONSTRUCTION—STOCKHOLDERS' LIABILITY FOR LABOR DEBTS.

Statute implementing provision of Constitution as to liability of corporate stockholder for labor debts *held*, not subject to judicial interpretation since plain language is employed delineating conditions precedent to imposition of such liability (Const. 1908, art. 12, § 4; 4 Comp. Laws 1948, § 620.13).

9. CORPORATIONS—STATUTES—STOCKHOLDERS' LIABILITY FOR LABOR DEBTS—NONPAYMENT IN RECEIVERSHIP.

Statute, imposing liability for corporation's labor debts upon the stockholders only after execution on a judgment has been issued and returned unsatisfied in whole or in part or there has been an adjudication in bankruptcy, may not be enlarged by the court to include as an additional ground for liability the nonpayment in receivership proceedings in which the claim was allowed (4 Comp. Laws 1948, § 620.13).

10. Costs—Appeal—Brief.

> No costs are allowed on affirmance of judgment for appellees where they filed no brief in the Supreme Court.

Appeal from Wayne; Murphy (George B.), J. Submitted April 7, 1949. (Docket No. 33, Calendar No. 44,365.) Decided May 18, 1949.

Assumpsit by Andrew Knapp against Louis G. Palmer and another for labor performed for corporation in which they are stockholders. Judgment for defendants. Plaintiff appeals. Affirmed.

*Rothe & Marston,* for plaintiff.

Boyles, J. Plaintiff sued these defendants as stockholders of the Detroit Tool & Manufacturing Company, a Michigan corporation, to recover from said stockholders the sum of $565.25 for work and labor performed by the plaintiff for said corporation. In the circuit court the defendants had judgment, and from such adverse judgment the plaintiff appeals. The facts are not in dispute.

Plaintiff performed the work and labor for the corporation for which he seeks to hold the defendant stockholders liable. The corporation became insolvent, a receiver was appointed in the circuit court for Wayne county, and the plaintiff filed in the receivership a preferred claim for his work and labor. The claim was allowed but the receiver was without funds to pay any preferred claims and the receivership was closed without any payment being made to the plaintiff. Thereupon plaintiff instituted the present suit against stockholders, in which the circuit judge denied recovery as a matter of law.

The foundation for the statute on which plaintiff bases his claim was first laid in 1850 by article 15, § 7 in the Michigan State Constitution of 1850, as follows:

"The stockholders of all corporations and joint stock associations shall be individually liable for all labor performed for such corporation or association."

This provision has been carried along into article 12, § 4, Michigan Constitution 1908, where a similar provision occurs.

In 1853, the above provision in the Constitution of 1850 was implemented by the legislature in an act to authorize the formation of corporations for certain purposes, as follows:

"The stockholders of all corporations founded upon this act, shall be individually liable for all labor performed for such corporation or associations, which said liability may be enforced against any stockholders founded on this statute at any time after an execution shall be returned not satisfied against said company." Act No. 41, § 17, Laws of Michigan 1853 (1 Comp. Laws 1857, § 1815).

In 1871, the above section was amended by the legislature, as follows:

"The stockholders of all corporations founded upon this act shall be individually liable for all labor performed for such corporation, which said liability may be enforced against any stockholders by action founded on this statute, at any time after an execution shall be returned and not satisfied, or at any time after an adjudication in bankruptcy against such corporation." Act No. 41, § 17, Laws of Michigan 1853, as amended by Act No. 149, Laws of 1871 (1 Comp. Laws 1871, § 2852).

In substance the above provisions were re-enacted in Act No. 314, Pub. Acts 1915 (judicature act), and are now in 4 Comp. Laws 1948, § 620.13 (Stat. Ann. § 27.1363), as follows:

"An action of assumpsit may be maintained against all or any of the stockholders of any corporation or joint stock association, on their individual liability, for labor performed for such corporation or association, after an execution .shall be returned unsatisfied, in whole, or in part, or after an adjudication in bankruptcy against such corporation."

When the Michigan Constitution (1908) was adopted and when the legislature in 1915 re-enacted the earlier statutory provisions hereinbefore referred to, we must presume that the language was used in. the sense in which it had been judicially interpreted. *People* v. *Powell,* 280 Mich. 699 (111 A. L. R. 721) ; *In re Chamberlain's Estate,* 298 Mich. 278.

In 1877, Mr. Justice Campbell, writing for the Court, in considering these same constitutional and statutory provisions, said:

"The statute is clear that the private parties shall not be called upon unless the corporation has failed to pay, and legal remedies are exhausted, either by unsatisfied execution or by bankruptcy legally adjudged. * * * It would be impossible to regard this limited responsibility as a primary debt of the stockholders. It requires peculiar legislation to reach such cases at law at all." *Hanson* v. *Donkersley,* 37 Mich. 184.

In 1878, the Court, in writing of a similar provision in a statute applying to a railroad company, said:

"This action is brought under the statute, and not under the Constitution. If the constitutional provision is sufficient to execute itself without legislation, it can only be by some proceeding in equity. There is no remedy at law to do complete justice in such a case without some aid of statutes. The responsibility of the stockholder, as we held in *Hanson* v. *Donkersley,* 37 Mich. 184, is not primary, but

collateral, and in a suit under the statute the statutory conditions must be fully complied with." *Peck v. Miller,* 39 Mich. 594.

In 1880, the Court held:

"The legislature may prescribe the means of enforcing the constitutional liability of stockholders for labor debts" (syllabus),

and, in thus holding, said:

"In *Hanson v. Donkersley,* 37 Mich. 184, it was held that under the Constitution and statute then in force the stockholders were not primarily liable for corporation debts for labor.

"The individual liability of the stockholders under the Constitution means a liability beyond that of members of the corporation, and has no reference to a mere separate or several one. While therefore the legislature cannot relieve the stockholder from the liability imposed by the Constitution, yet it may point out and regulate the manner or method of enforcing the same." *Milroy v. Spurr Mountain Iron Mining Co.,* 43 Mich. 231.

Hence, the law has been well settled that the constitutional provision is not self-executing, that it has been implemented by the statute hereinbefore referred to still in effect, that the liability of stockholders is secondary, and that the statutory provisions which form the basis for the liability of stockholders for work and labor performed for a corporation must be fully complied with before such liability will attach.

This narrows the issue down to the precise question in this case, whether the discharge of the receiver, in receivership proceedings in a State court, in which the plaintiff's claim for work and labor performed by him for the corporation has been allowed as such but not paid, is "an execution * * * returned unsatisfied," or "an adjudication in bank-

ruptcy" within the statutory basis for fixing the secondary liability of the defendant stockholders. Plaintiff concedes, both in his brief and on the oral argument, that his recovery depends on an affirmative answer to that question. Three recent decisions of the Court have been called to our attention.

In *Wegner* v. *Tower*, 235 Mich. 610, the plaintiff filed a claim against a corporation in receivership in a State court, for work and labor performed for the corporation, but withdrew his claim without an adjudication, and sued the stockholders, relying on their secondary liability. Under these circumstances, this Court affirmed a dismissal of his suit on the ground that the primary liability of the corporation must be exhausted before the secondary liability attaches. The Court again held (syllabus):

"The constitutional liability of stockholders for labor debts of the corporation, under article 12, § 4, is not a primary liability, and the legislature may provide the manner of enforcement."

In other recent decisions, the first consideration announced in construing certain statutory provisions was a determination whether the statute was of doubtful meaning and ambiguous. If so, the door is open to a judicial determination of the legislative intent. In *Webster* v. *Rotary Electric Steel Co.*, 321 Mich. 526, and again in *Grand Rapids Motor Coach Co.* v. *Public Service Commission*, 323 Mich. 624, the Court first concluded that the statutes there under consideration were ambiguous and of doubtful meaning, and then proceeded to a determination of what was the legislative intent. In those cases, decisions were based on the conclusion that the statutes under consideration were ambiguous. Such is not the situation in the present case.

"If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and

no interpretation is necessary." *City of Grand Rapids* v. *Crocker,* 219 Mich. 178.

"In construing a statute we have in mind the principle of law that where there is no ambiguity, there is no room for construction." *Wayne County Board of Road Commissioners* v. *Wayne County Clerk,* 293 Mich. 229.

The statute here under consideration is plain. There is no room for concluding that this statute includes receivership proceedings in a State court as a foundation on which to base the secondary liability of the defendant stockholders. That basis is plainly stated in the statute itself. Plaintiff must establish that he has a judgment, on which an execution has been issued and returned unsatisfied in whole or in part, or an adjudication in bankruptcy. The statute plainly states that the action against the stockholders may be maintained "after" an execution shall be returned unsatisfied, or "after" an adjudication in bankruptcy. For obvious reasons plaintiff makes no claim that he has had an execution against the corporation returned unsatisfied. The discharge of the receiver and the conclusion of the receivership proceedings in the State court do not comply with the other requirement, "an adjudication in bankruptcy." To hold otherwise would add to the statute a third ground for establishing the stockholders' secondary liability, namely, "after" receivership proceedings in a State court in which plaintiff's claim had been allowed and unpaid. Such an enlargement of the statute, to include an additional ground as a basis for establishing circumstances under which the secondary liability attaches to the stockholders, is a matter for consideration by the legislature, but not within the province of the Court.

On the basis of the present statute, plaintiff has not established stockholders' liability. Judgment

for defendants affirmed, without costs, appellees not having filed a brief in this Court.

SHARPE, C. J., and BUSHNELL, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.