BARTKOWIAK *v.* WAYNE COUNTY.

1. STATUTES—CONSTRUCTION OF LATER ACT.

The provisions of a later act which contravene the provisions of an earlier statute control as to the subject matter of the later act.

2. COUNTIES—SALARIES OF CIRCUIT COURT CLERKS—STATUTES.

Adoption of resolution by county civil service commission recommending salary increases for circuit court clerks in that county, which action was concurred in by the board of supervisors, and made effective as of a specified date, constituted action properly taken pursuant to pertinent statute requiring that such action be initiated by the commission (CLS 1952, § 692.601).

3. SAME—SALARIES OF CIRCUIT COURT CLERKS—STATUTES—BOARD OF SUPERVISORS—COUNTY CIVIL SERVICE COMMISSION.

Action of the board of supervisors in directing county civil service commission to add a general pay increase to salaries of all county employees, in which action it does not appear that the commission took any part, initiatory or otherwise, failed to comply with requirement of salary act pertinent to circuit court clerks in which action to effect increases for such clerks was required to be initiated by the commission (CLS 1952, § 692.601).

4. SAME—SALARIES OF CIRCUIT COURT CLERKS—COURTS—COUNTY CIVIL SERVICE COMMISSION—BOARD OF SUPERVISORS.

The fixing of salaries of circuit court clerks is not a proper function of the circuit court in a suit for declaration of

REFERENCES FOR POINTS IN HEADNOTES

[1] See, generally, 50 Am Jur, Statutes § 217.
[2–4] See, generally, 14 Am Jur, Counties §§ 28, 30.
[5] 50 Am Jur, Statutes § 225.
[6] 14 Am Jur, Courts § 198.
[7] 14 Am Jur, Courts §§ 202, 203.
[8] 14 Am Jur, Costs § 35.

rights, where such power has been given to county civil service commission and the board of supervisors (Const 1908, art 4; CL 1948, § 38.401 *et seq.*; CLS 1952, § 692.601).

5. Statutes—Construction.

A bare reading of a statute containing plain, certain and unambiguous language suffices and no interpretation is necessary.

6. Constitutional Law—Administrative Tribunal—Courts—Jurisdiction.

The determination of facts and the propriety of action of administrative boards is not a judicial function and when a circuit judge seeks to substitute his judgment for that of an administrative body in the discharge of one of its administrative functions he acts without jurisdiction (Const 1908, art 4).

7. Same—Courts—Legislature—Validity of Statutes and Ordinances.

Courts may not legislate nor undertake to compel legislative bodies to do so one way or another, although it is within the province of the courts to pass upon the validity of statutes and ordinances.

8. Costs—Public Question—Construction of Statutes.

No costs are allowed in suit for declaration of salary rights by deputy circuit court clerks of county, where there was a public question involved as to the construction of statutes (CL 1948, § 38.401 *et seq.*; CLS 1952, § 692.601).

Appeal from Wayne; Culehan (Miles N.), J. Submitted October 13, 1954. (Docket No. 6, Calendar No. 45,850.) Decided November 29, 1954. Rehearing denied January 12, 1955.

Bill for declaration of rights by Barney H. Bartkowiak and 20 other deputy circuit court clerks against the County of Wayne, its board of supervisors, its board of auditors, and its county civil service commission, to determine salary rights. Decree for plaintiffs. Defendants appeal. Reversed and decree ordered entered.

*Chris M. Youngjohn* and *John L. Vanker, Jr.,* for plaintiffs.

*Gerald K. O'Brien,* Prosecuting Attorney, and *Hobart Taylor, Jr.,* Assistant Prosecuting Attorney (*David E. Flayer,* Assistant Prosecuting Attorney, of counsel), for defendants.

BOYLES, J. Plaintiffs are 21 deputy circuit court clerks for Wayne county. In 1951 they filed this bill of complaint in the circuit court seeking a decree declaring their salary rights as such county employees under PA 1941, No 370,* and PA 1949, No 138.† They claimed more salary than that which had been allowed by the county. The Wayne county board of supervisors, board of county auditors, county civil service commission, and the county of Wayne were named as defendants. The defendants moved to dismiss the bill of complaint on various grounds, which motion was denied by the court on hearing. The facts were then stipulated, the court heard the case on the pleadings and stipulated facts and entered a decree for the plaintiffs. The defendants appeal.

Decision herein involves construction of the 2 above-named acts. PA 1941, No 370, hereinafter referred to as the civil service act, provides for a civil service system in counties having a population of 300,000 or more, providing it should be adopted by a majority of the electors of such county at a general or special election, on a referendum. The act was put into effect in Wayne county by the vote of the electors in November, 1942, and a civil service system in accordance with the provisions of the act was established.

---

* CL 1948, § 38.401 *et seq.* (Stat Ann 1953 Cum Supp § 5.1191[1] *et seq.*).
† CLS 1952, § 692.601 (Stat Ann 1953 Cum Supp § 5.852).

In 1949 the legislature enacted PA 1949, No 138, hereinafter referred to as the circuit court clerks' salary act. It is titled an act to regulate the number and salaries of the deputy circuit court clerks in counties having a population of more than 500,000, and applies to Wayne county. It provides that the county clerk in counties which have adopted civil service under the civil service act, *supra,* shall appoint or promote from the classified eligible list of the civil service a chief deputy circuit court clerk and at least 1 deputy circuit court clerk for each acting circuit judge in said county. It states that their salaries shall be as follows:

"The salary of the deputy circuit court clerks, shall be not less than $4,800 per year; and such salaries shall be paid in the same manner and at the same time that other county employees are paid. The civil service commission, with the approval of the board of supervisors in counties of more than 500,000 population which have adopted civil service under Act No 370 of the Public Acts of 1941, may, by resolution, provide for increase in said salaries."

Under the civil service act plaintiffs had been classified as "court clerk (circuit)." Immediately upon the 1949 salary act going into effect the county clerk of Wayne county designated plaintiffs deputy circuit court clerks, and they have since continued to act as such in their several positions, with the same duties as before.

The provisions of the salary act are not ambiguous. Upon its effective date in 1949 it established the minimum salaries of plaintiffs at $4,800 per year. It also provided the manner in which deputy circuit court clerks' salaries might thereafter be increased. Unless the civil service commission, with the approval of the board of supervisors, has subsequently provided for an increase in said salaries, they re-

main unchanged. Therefore, the issue narrows down to the question as to what action, if any, has been taken by the said civil service commission, with the approval of the board of supervisors, since September 23, 1949, the effective date of said act, to increase said salaries. If the provisions of the salary act adopted in 1949 contravene the provisions of the civil service act adopted in 1941, the 1949 act must be held to control as to deputy circuit court clerks. It applies specially, and only, to the salaries of deputy circuit court clerks, and in express terms applies to such salaries in Wayne county.

Plaintiffs rely on the provisions of the civil service act, which provide that the civil service commission shall classify all positions of employment, and which provide for salaries in the classified civil service, as follows:

"All salaries shall be uniform for like service in each grade of the classified service as the same shall be classified and standardized by the commission. Such classification and standardization of salaries shall not be final until approved by the board of supervisors, and such salaries shall not be paid except in accordance with such classification and standardization." CL 1948, § 38.412(f) (Stat Ann 1953 Cum Supp § 5.1191[12][f]).

In 1943, following the enactment of said civil service act and its adoption in Wayne county by referendum, a tabulation of classifications and positions was put into effect, with a salary schedule, called the "official salary plan," by concurrent action of the civil service commission and the board of supervisors. It provided for salary rates for "inductees" and annual "step-up" increases after each year's service until the maximum should be reached. Prior to September 23, 1949, the effective date on which the deputy circuit court clerks' salaries were established at the minimum of $4,800 per year, plaintiffs (with

certain exceptions) then classified as "court clerk (circuit)." With certain exceptions, they had been in classified service for many years, and had reached the maximum annual salary level in the "official salary schedule" under the civil service act, $4,800. In October, 1949, plaintiffs petitioned the board of supervisors to establish their minimum salary level at $4,800, "to be followed by 3 annual step-ups of $240 each." The petition was referred to the civil service commission and on October 14, 1949, that commission refused to approve the request, in a communication to the board of supervisors, as follows:

"Notwithstanding the legislation which has been enacted whereby a circuit court clerk will now be [*sic*] induced (inducted) into this class at $4,800 rather than $4,080, it apparently is the request of the circuit court clerks, as transmitted in the county clerk's letter of October 10, 1949, that they be granted additional steps above the $4,800 rate. After considering this matter, the civil service commission sees no justification whatsoever in concurring in this request and recommends that the petition be denied."

Thereupon, on March 20, 1950, the ways and means committee of the board of supervisors to which plaintiffs' petition had been referred, reported to the board of supervisors as follows:

"The civil service committee, meeting together with the civil service commission, has held several hearings on the petition of the circuit court clerks which requests a salary increase above the present maximum salary of $4,800 per year established by the county for all court clerks.

"On October 28, 1949, your board withheld a denial action on a similar request made by the county clerk until such time as it could be determined if the petition contained any new factual information which had not previously been considered.

"We are now advised that the only new argument presented was the contention that it was the intent of the State legislature, in passing PA 1949, No 138 fixing the minimum salary of circuit court clerks of Wayne county at $4,800, that the county of Wayne should thereupon provide an additional salary.

"Having been presented with no new facts which would warrant a change in present policy, we therefore recommend that the petition of the court clerks be denied."

Plaintiffs apparently rely on the original "official salary plan" and various amendments claimed to have been adopted at different times after the "official salary plan" was adopted in 1943, and as late as 1951. In February, 1951, the civil service commission reported to the board of supervisors it had received a further petition from the deputy circuit court clerks asking for a salary adjustment; in which report the commission stated it had agreed to approve a certain increase in the salary rate for court clerk (circuit). However, this recommendation was not approved or concurred in by the supervisors.

According to the facts as stipulated by the parties, action in regard to these salaries was later taken as follows:

"On August 23, 1951, the commission adopted a resolution recommending an increase in the rates for all court clerks (circuit, probate, common pleas, and circuit court commissioners). The new rates were concurred in by the supervisors and became effective August 27, 1951, and were as follows:

| "Minimum | Intermediary | | Maximum |
|----------|--------------|---------|---------|
| "$4,800  | $5,040       | $5,280  | $5,520" |

We consider this increase was properly made in the manner required by the 1949 salary act. According to the stipulated facts agreed to by the parties, the above action was taken by the civil service commission and concurred in by the board of

supervisors, subsequent to the effective date of PA 1949, No 138, the salary act. The civil service commission, with the approval of the board of supervisors, thus approved the increase in the salaries of the deputy circuit court clerks as of the date on which this action became effective, August 27, 1951, and plaintiffs who were then deputy circuit court clerks became entitled to said rates.

The stipulated facts further state:

"On October 26, 1951, the supervisors directed the commission to add a general pay increase of $208 to the salaries of all county employees, and the salary schedule was amended accordingly. Effective December 1, 1951, the plaintiffs' classification was assigned the following annual rates:

"Minimum          Intermediary          Maximum
"$5,008          $5,248    $5,488          $5,728"

The stipulated facts do not state whether the civil service commission took any action, unless it be that the *commission* approved the order of the supervisors. However, that would not be a compliance with the plain language of the act.

We need not decide whether the supervisors had the power to add a general pay increase to the salaries of other county employees. However, an exception should have been made to its authority in that regard, as applied to increasing the salary of deputy circuit court clerks. The board of supervisors, by its own action alone, does not have the authority to increase said salaries. The 1949 act is to the contrary. Unless the civil service commission and the board of supervisors, acting in accordance with said act, authorized this increase, it cannot be given effect, as to deputy circuit court clerks. Obviously, action by the supervisors which "directed the commission to add a general pay increase of $208" to the salaries of deputy circuit court clerks

does not comply, and has no legal effect, under the 1949 salary act.

The trial court, in a comprehensive opinion, considered the statute law and analyzed the various rates which the plaintiffs claim should apply to their salaries, under the civil service act. Relying mainly on that act, rather than on the 1949 salary act, the court concluded that plaintiffs were entitled to a maximum annual salary level of $5,936 as of December 1, 1951, and entered a decree accordingly, concluding as follows:

"It is hereby ordered and adjudged, and the court does hereby decree a binding declaration of rights in favor of the plaintiffs to the effect that each plaintiff is entitled to have received from the county, commencing September 23, 1949, salary at the rates found herein to have been his proper due, and each is entitled to recover from the county of Wayne, one of the defendants, any deficiency between salary received and salary to which he was entitled as found herein, in an appropriate action against said county, and to such action said county shall have no defense."

The reasons given by the trial court were, in part, stated thus:

"The court finds, as a matter of law, that the minimum salary should have been revised by adding $720 thereto in order to bring it up to $4,800, to comply with the minimum fixed by the act. It follows that a corresponding increase in each intermediary step and in the maximum would be necessary to conform to the spirit of the civil service system as expressed in the regulations. The court further finds that the civil service commission and the supervisors failed to effect the purpose of the act as indicated. * * *

"It was not intended by the act that any discrimination should be practiced against the court clerks; and, in the opinion of the court, neither the civil

service commission nor the supervisors intended to discriminate against the court clerks. * * * The court does not intend to hold that the civil service commission and the supervisors may not reasonably adjust, in proper cases, the several levels of salaries in the county schedule; but in this case, in the court's opinion, the purpose of the statute has been circumvented and the spirit of the act contravened. * * *

"Though in a proper case the supervisors and the civil service commission may in their discretion adjust salaries up or down, it does appear to the court that the plaintiffs herein were actually discriminated against, possibly through inadvertence, in view of the great number of salary adjustments that have been made in the past. * * *

"The court concludes that the plaintiffs are entitled to have received from the county salary at the rates that have been indicated, depending upon their length of service, and that the supervisors, civil service commission and auditors should act as is necessary to make such adjustment and pay them the proper rates.

"Should these bodies fail to act within 30 days, a decree may be entered containing a binding declaration of the plaintiffs' rights against the defendants in conformity with this opinion."

It is necessary to say that the fixing of rates was not a proper function of the court. Under the applicable law, that power rested in the civil service commission and the board of supervisors. Theirs was the only authority to increase salaries of deputy circuit court clerks.

"If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary." *City of Grand Rapids* v. *Crocker,* 219 Mich 178, 182.

See, also, *Detroit Club* v. *State of Michigan,* 309 Mich 721; *Knapp* v. *Palmer,* 324 Mich 694.

Recently this Court said:

"The function of the commission in that case* was similar to the function of the civil service commission of the city of Detroit in the instant case in considering and disposing of the appeals of plaintiffs, namely, an essentially administrative function. We must not usurp the functions of an administrative body. This the Constitution of the State forbids. Constitution (1908), art 4." *Goodfellow* v. *Detroit Civil Service Commission,* 312 Mich 226, 232.

" 'The determination of facts and the propriety of action of administrative boards is not a judicial function.' *Mann* v. *Tracy,* 185 Cal 272, 277 (196 P 484).  *   *   *

"In the instant case the circuit judge sought by hearing *de novo* to substitute his judgment for that of the civil service commission in the discharge of one of its administrative functions. In attempting to do so he acted without jurisdiction. The courts cannot supplant or function as civil service commissions." *Bischoff* v. *County of Wayne,* 320 Mich 376, 386, 393.

"A fundamental principle scrupulously observed by the courts is to the effect that the judiciary may not encroach upon the functions of the legislature. The most common occurrence of the refusal of the courts to stray outside the proper confines of judicial activity arises in cases dealing with the provisions of statutes." 11 Am Jur, Constitutional Law, § 198, p 900.

"If there are any inequities in the act, they can only be remedied by the legislature." *Menominee County Treasurer* v. *Auditor General,* 297 Mich 157, 161.

"While it is within the province of the courts to pass upon the validity of statutes and ordinances, courts may not legislate nor undertake to compel legislative bodies to do so one way or another.

---

* *In re Fredericks,* 285 Mich 262 (125 ALR 259).

(Citing cases.)" *Northwood Properties Co.* v. *Royal Oak City Inspector,* 325 Mich 419, 423.

The decree entered in the trial court is set aside and a decree may be entered in this Court in conformity herewith, and remanding the case for enforcement. No costs, a public question being involved.

Butzel, C. J., and Carr, Bushnell, Sharpe, Reid, Dethmers, and Kelly, JJ., concurred.